UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

PATRICIA A. DAVIS, PAUL R. DAVIS JR ESTATE, PAUL R DAVIS SR. ESTATE , RUTH E.

DAVIS ESTATE, PAUL R. DAVIS ET AL.

120 Kidd Blvd

Norfolk VA 23502                             Date: June, 21, 2024

                          Case No.:



FILED

JUN 2 1 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

2:24 cv 399

COMMONWEALTH OF VIRGINIA

202 N 9th St, RICHMOND, VA 23219

V.

COMMISSIONER OF HIGHWAYS

VIRGINIA DEPT OF TRANSPORTATION

1401 E. BROAD ST.

RICHMOND VA 23219

V.

BROCK FARMS REALTY INC.

303 34TH ST.

VIRGINIA BEACH VA 23451

V.

CITY OF NORFOLK

810 UNION ST.

NORFOLK VA 23510

V.

1 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

HAMPTON ROADS TRANSPORTATION ACCOUNTABILITY COMMISSION

723 WOODLAKE DR.

CHESAPEAKE, VA 23320

The Defendant(s) Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant(s):**

Commonwealth of Virginia. 202 N. 9th Street Richmond VA 23219 is a Government agency. 18 USC 23-§107 Acquisition of rights-of-way- interstate system states the Secretary, authorized by The Attorney General of title to acquire, enter upon, and take possession of such lands or interests in lands by purchase, donation, condemnation, or otherwise in accordance with the laws of the United States which require just compensation for taking of lands. Commonwealth of Virginia government agency, has been notified as required at least a year in advance as per §8.01-195.6 via Chip Turner Senior Investigator of the Virginia State Police, & former retained counsel, Attorney Joe Sherman Labor Day 2019. With the current statement of claim bringing the issue of a 5th and 14th constitutional amendment violations, we move the court to see that the 11th amendment becomes abrogated.

2 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

The Commissioner of Highways Virginia Dept. of Transportation 1401 E. Broad Street, Richmond, Virginia, 23219 this is a government agency. Head of Vdot Stephen Brich. With the current statement of claim bringing the issue of a 5th and 14th constitutional amendment violations, we move the court to see that the 11th amendment becomes abrogated. The Dept of Transportation , a Commonwealth of Virginia government agency, has been notified as required at least a year in advance as per § 8.01-195.6 via Chip Turner Senior Investigator of the Virginia State Police, & former retained counsel, Attorney Joe Sherman.

The City of Norfolk 800 E. City Hall Ave # 600, Norfolk, VA 23510. The City of Norfolk Treasurers and Assessors office, nature of the government agencies actions led to our estate constitutional 5th and 14th damages. The city of Norfolk has been notified as required in advance as per §8.01-195.6 at Formal Norfolk City Council as well as via Tammy Dantzler Bradford Smith who is an out of state, assigned city auditor of Norfolk. With the violation of the 5th and 14th constitutional amendments, we request this court move to trial being the 11th amendment becomes abrogated.

Brock Farms Realty listed with the State Corporation commission as well as the mailing address with the listed business states 425 Pleasant Point Norfolk, VA, 23457 in actuality, this parcel is City of Norfolk Water Pumping Station. President Robert T. Brock, Vice President Edwin Brock Jr. is a private sector corporation who corroborated with the City of Norfolk and Virginia Dept of Transportation to take real property from plaintiffs' , destroying their economic value. Taken property which was used in 264/64 interchange 4 phase US highway project that required federal

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

funding and Environmental approval. Samuel Brown II PLLC. 303 34th St, Virginia Beach, VA 23451.

The Hampton Roads Transportation Accountability Commission (HRTAC) is a political subdivision of the Commonwealth of Virginia in the United States that has the responsibility for funding several major traffic projects in the Hampton Roads area. It was created by the Virginia General Assembly in 2014 to maintain and administer the Hampton Roads Transportation Fund, a trust fund established by the Virginia General Assembly through a 0.7% increase in the state sales and use tax and a 2.1% increase in the fuel tax region-wide. which held the funds and received funds to the entire I64/I264 project. William Sessoms Chairman, Michael Hipple Vice Chairman.

**Federal Question:**

Under 28 U.S.C § 1331, This case in The Honorable Eastern District Federal Court. arising under the United States Constitution & or federal laws or treaties, is a federal question case. Paul R. Davis Jr., Patricia A. Davis, Paul R. Davis estate known as Paul R. Davis Sr. Ruth E. Davis Et al. , brings the following federal question to the Honorable U.S Eastern District Federal Court. The pro se plaintiffs ask for mercy of the court On June 21, 2019 the US Supreme Court ruled that property owners who have had their property taken by state or local governments without compensation may file a Fifth Amendment takings claim in federal court without first having to exhaust remedies in state court.   This case below which Paul Davis et al. moves this court to declare the defendant by fiscal and environmental applications The Commonwealth of Virginia filed violating 18 USC §371 defrauding The United States filing to claim my land and violating

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

the estates and each and everyone's Constitutional rights. Under the Fifth and Fourteenth
Amendments to the U.S. In The Constitution, a property owner has a "takings" claim against the
government when government action goes too far in restricting the owner's use.

Paul R. Davis Jr. Civil Service Avionics professor at Lf-18. Seeks to access equity in estate with
the highest tier of a credit score. Mr. Davis needed the equity to help his land become more
handicap accessible in his and his wife's older years. To improve his quality of life as an investor.

1. Davis with over 825 credit score seeks to access some of their equity in the property and
   instead receive turndown and become damaged as the reason for turndowns become
   valuable collateral insufficient in reason for turndown to access  against their estate. See
   appraisals below, the violation of the 5th , 14th constitutional amendments where private
   property was taken without due process or just compensation. Fitzpatrick Vs. Bitzer
   where the 11th amendment became abrogated when the 5th and 14th violated there is no
   sovereign Immunity.  Financial expectations to the estate including the equity. The
   Property, and shareholders of the estate had private property taken for public use without
   due process or just compensation.

2. How much just compensation is due as restitution for mesne profits, to the estate of 120
   Kidd Blvd. Norfolk, VA 23502 for the following violation to the Constitution? Whereas
   the Davis estates Private property was taken by The City of Norfolk, Brock Farms Realty
   & used for VDOT financial application for regional cooperation to greater The
   Commonwealth of Virginia's and each of the defendant's benefit financially by their bad
   faith natured action. Whereas the estate of 120 Kidd Blvd. was unlawfully deprived of
   their reasonably backed financial expectations. The Davis's seek to access their equity in
   the property with those initial financial backed expectations.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



**DENNIS BAILEY & ASSOCIATES**
Real Estate Appraisers
228 NORTH DONNAWOOD DRIVE
SUITE 103
VIRGINIA BEACH, VA 23452
(757) 498-9280 · FAX: (757) 498-9774

# APPRAISAL REPORT

FOR: Chartway Federal Credit Union                May 13, 1999
RE: Davis, Paul R. & Patricia A.

GENTLEMEN:

AS REQUESTED (I-WE) HAVE PERSONALLY INSPECTED THE PROPERTY DESCRIBED AS:

120 Kidd Boulevard
Norfolk, Virginia 23502

THE PURPOSE OF THIS APPRAISAL IS TO ESTIMATE THE MARKET VALUE OF THIS
PROPERTY AS OF          May 10, 1999          IT IS MY OPINION
THAT THE MARKET VALUE AS OF THE AFOREMENTIONED DATE IS:

$ 84,000.00

THE PROPERTY WAS APPRAISED AS A WHOLE, OWNED IN FEE SIMPLE AND UNENCUMBERED,
SUBJECT TO THE CONTINGENT AND LIMITING CONDITIONS OUTLINED HEREIN.

JOHN E. PITTS
Certified Residential Appraiser

3.

6 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustments should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

## STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:** The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

2. The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5. The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. The separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6. The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be perform...

4.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Borrower/Client: | Davis, Paul R. Jr., and Patricia A. |
| Property Address: | 120 Kidd Boulevard |
| City/State/Zip: | Norfolk, Virginia 23502 |
| Lender: | Chartway FCU |

The subject property is located in river Forest, an established area in the city of Norfolk. The neighborhood is primarily residential with a few small commercial properties located along the main thoroughfares. These commercial properties do not appear to have any adverse marketing effects on the subject property nor it's neighborhood. Essential services are nearby and the major traffic arteries lead to regional employment centers.

The subject property is a 3 bedroom, 2.0 bath, 1-story house constructed on a crawl foundation. The exterior is siding. The property has storm windows and storm doors, covered porch, deck, 3 sheds, and ceiling fans.

All comparable properties used are current sales located in the subject's neighborhood. Adjustments were made for gross living area, construction, and amenities. The comparables used are the most suitable found and deemed to be good indicators of value.

All comparable dates used in this appraisal report are closed dates. Fencing was not considered in this appraisal due to the insignificant impact it has on buying decisions and the difficulty of establishing ownership of the comparable properties fencing.

Site information was taken from city records and is believed to be accurate.

This appraisal was prepared for those Parties, and/or their assigns named as the lender/client in the URAR and is for their sole and exclusive use. This appraisal was prepared in accordance with the Uniform Standard of Professional Appraisal Practice. A Statement of Limiting Conditions and Appraiser's Certification has been provided with this appraisal and should be given the same consideration as the remainder of this report.

John T. Schropp has significantly contributed to the development of this appraisal. He assisted in gathering pertinent information necessary to prepare the report, entered the property and thoroughly researched comparable sales data for use in the market analysis.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Borrower/Client: | Davis, Paul R. Jr., and Patricia A. |
| Property Address: | 120 Kidd Boulevard |
| City/State/Zip: | Norfolk, Virginia 23502 |
| Lender: | Chartway FCU |

The subject property is located in river Forest, an established area in the city of Norfolk. The neighborhood is primarily residential with a few small commercial properties located along the main thoroughfares. These commercial properties do not appear to have any adverse marketing effects on the subject property nor it's neighborhood. Essential services are nearby and the major traffic arteries lead to regional employment centers.

The subject property is a 3 bedroom, 2.0 bath, 1-story house constructed on a crawl foundation. The exterior is siding. The property has storm windows and storm doors, covered porch, deck, 3 sheds, and ceiling fans.

All comparable properties used are current sales located in the subject's neighborhood. Adjustments were made for gross living area, construction, and amenities. The comparables used are the most suitable found and deemed to be good indicators of value.

All comparable dates used in this appraisal report are closed dates. Fencing was not considered in this appraisal due to the insignificant impact it has on buying decisions and the difficulty of establishing ownership of the comparable properties fencing.

Site information was taken from city records and is believed to be accurate.

This appraisal was prepared for those Parties, and/or their assigns named as the lender/client in the URAR and is for their sole and exclusive use. This appraisal was prepared in accordance with the Uniform Standard of Professional Appraisal Practice. A Statement of Limiting Conditions and Appraiser's Certification has been provided with this appraisal and should be given the same consideration as the remainder of this report.

John T. Schropp has significantly contributed to the development of this appraisal. He assisted in gathering pertinent information necessary to prepare the report, entered the property and thoroughly researched comparable sales data for use in the market analysis.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and specified date and passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustments should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

## STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:** The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

2. The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5. The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. The separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6. The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

| | | | |
|---|---|---|---|
| 1,268 Sq Ft @ $ 48.87 = $ | 61,967 | | |
| Sq Ft @ $ = | | | |
| appl,deck,porch,3sheds = | 7,500 | | see sketch |
| Garage/Carport Sq Ft @ $ = | | | |
| Total Estimated Cost New = $ | 69,467 | | |
| Less Physical Functional External | | | THIS HOUSE MEETS HUD MINIMUM |
| Depreciation 11490 = $ | 11,490 | | REQUIREMENTS. |
| Depreciated Value of Improvements = $ | 57,977 | | |
| "As-is" Value of Site Improvements = $ | 4,000 | | COST DATA OBTAINED FROM MARSHALL |
| INDICATED VALUE BY COST APPROACH = $ | 85,977 | | AND SWIFT VALUATION SERVICE. |

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Address | 120 Kidd Boulevard | 5836 Sellger Drive | 5944 McGinnis Circle | 120 Kid Boulevard |
| Proximity to Subject | | 1 block | 3 blocks | same block |
| Sales Price $ | n/a | $ 88,000 | $ 89,900 | $ 84,000 |
| Price/Gross Liv. Area $ | 0 | $ 78.01 | $ 62.17 | $ 61.05 |
| Data and/or Verification Sources | Pys. Insp. | Tax records & MLS | Tax records & MLS | Tax records & MLS |

| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment |
|---|---|---|---|---|---|---|---|
| Sales or Financing | | CLOSED | | CLOSED | | CLOSED | |
| Concessions | | VA | | FHA | | VA | |
| Date of Sale/Time | | 3/17/99 | | 11/11/98 | | 12/4/98 | |
| Location | River Fst | River Fst | | River Fst | | River Fst | |
| Leasehold/Fee Simple | Fee | Fee | | Fee | | Fee | |
| Site | 80x160/avg | 90x125/avg | | 80a125/avg | | 82x125/avg | |
| View | average | average | | average | | average | |
| Design and Appeal | ranch/avg | ranch/avg | | ranch/avg | | ranch/avg | |
| Quality of Construction | sid/crawl | brick/crawl | -2500 | brick/crawl | -2500 | sid/crawl | |
| Age | 44 | 44 | | 45 | | 44 | |
| Condition | average | average | | average | | average | |
| Above Grade | Total 7 Bdrms 3 Baths 2.0 | Total 6 Bdrms 3 Baths 1.0 | +1000 | Total 6 Bdrms 4 Baths 1.0 | +1000 | Total 7 Bdrms 3 Baths 2.0 | |
| Gross Living Area | 1268 Sq Ft | 1128 Sq Ft | +1680 | 1446 Sq Ft | -2136 | 1376 Sq Ft | -1296 |
| Basement & Finished Rooms Below Grade | none | none | | none | | none | |
| Functional Utility | typical | typical | | typical | | typical | |
| Heating/Cooling | FHA/CAC | FHA/CAC | | BB/CAC | | FHA/CAC | |
| Energy Efficient Items | sw/sd | sw/sd | | sw/sd | | sw/sd | |
| Garage/Carport | converted | none | | det. 2car | -2500 | c.port | -500 |
| Porch, Patio, Deck, | deck/3sheds | deck/3shedsshed | | porch | | deck/shed | |
| Fireplace(s), etc. | pch/FP | fireplace | +1000 | fireplace | +1000 | none | +2000 |
| Fence, Pool, etc. | | | | | | | |
| Net Adj. (total) | | X + | $ 1,180 | X - | $ 5,136 | X + - | $ 204 |
| Adjusted Sales Price of Comparable | | | $ 89,180 | | $ 84,764 | | $ 84,204 |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc.): All comparables are located within the subject neighborhood. Adjustments were made for gross living area, construction and amenities. Comparable 3 appears most similar to the subject and was given the highest weight factor.

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Date, Price and Data for prior sales | 9/16/97 Gift | none | none | none |
| Source for prior sales within year of appraisal | city records | city records | city records | city records |

Analysis of any current agreement of sale, option, or listing of the subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal:
To the appraiser's knowledge there have been no prior sales of the subject property nor the comparables within the last year

| | | |
|---|---|---|
| INDICATED VALUE BY SALES COMPARISON APPROACH | | $ 84,000 |
| INDICATED VALUE BY INCOME APPROACH (If Applicable) Estimated Market Rent $ 750 /Mo. x Gross Rent Multiplier n/a = $ | | |

This appraisal is made [X] "as is" [ ] subject to the repairs, alterations, inspections, or conditions listed below [ ] subject to completion per plans and specifications

Conditions of Appraisal: The appraiser assumes that the heating/cooling and electrical systems are in good working order.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

...ject property is located in River Forest, an established neighborhood ...e city of Norfolk. Properties are a mix of ranch and 2 story houses of ...age construction and are compatible in architectural design. It is near schools, shopping and major traffic arteries. Regional employment centers are easily accessible.

Market conditions in the subject neighborhood (including support for the above conclusions related to the trend of property values, demand/supply, and marketing time - - such as data on competitive properties for sale in the neighborhood, description of the prevalence of sales and financing concessions, etc.): A typical seller is willing to pay a portion of the buyers discount points & CC in this area, thus, sales prices are not influenced by the type of loan. Marketing time is average and supply and demand appear to be in balance. No adverse neighborhood conditions were noted. THIS APPRAISAL IS A SUMMARY REPORT AS DEFINED BY THE BOARD OF THE APPRAISAL FOUNDATION AND COMPLIES WITH USPAP.

**Project Information for PUDs** (if applicable) - - Is the developer/builder in control of the Home Owners' Association (HOA)? [ ] Yes [ ] No
Approximate total number of units in the subject project ____ . Approximate total number of units for sale in the subject project ____
Describe common elements and recreational facilities: not located in a PUD

| | | | | |
|---|---|---|---|---|
| Dimensions 80 X 160 X 80 X 160 | | | | Topography level |
| Site area 12800 sf +/- | | Corner Lot [ ] Yes [X] No | | Size typical for area |
| Specific zoning classification and description R6 Residential | | | | Shape rectangular |
| Zoning Compliance [X] Legal [ ] Legal nonconforming (Grandfathered use) [ ] Illegal [ ] No zoning | | | | Drainage appears adequate |
| Highest & best use as improved: [X] Present use [ ] Other use (explain) | | | | View average |

| Utilities | Public | Other | Off-site Improvements Type | Public | Private | Landscaping typical |
|---|---|---|---|---|---|---|
| Electricity | X | | Street asphalt | | | Driveway Surface concrete |
| Gas | | | Curb/gutter yes | X | | Apparent easements normal utilities |
| Water | X | | Sidewalk yes | X | | FEMA Special Flood Hazard Area [ ] Yes [X] No |
| Sanitary sewer | X | | Street lights yes | X | | FEMA Zone C   Map Data 4/17/84 |
| Storm sewer | X | | Alley no | | | FEMA Map No. 510104-0004D |

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning use, etc.): none
Equal

| GENERAL DESCRIPTION | EXTERIOR DESCRIPTION | FOUNDATION | BASEMENT | INSULATION |
|---|---|---|---|---|
| No. of Units 1 | Foundation block | Slab no | Area Sq. Ft. n/a | Roof |
| No. of Stories 1 | Exterior Walls vinyl | Crawl Space yes | % Finished n/a | Ceiling avg [X] |
| Type (Det./Att.) detach | Roof Surface comp | Basement none | Ceiling n/a | Walls avg [X] |
| Design (Style) ranch | Gutters & Dwnspts. yes/yes | Sump Pump no | Walls n/a | Floor |
| Existing/Proposed exist | Window Type dh | Dampness NoneNoted | Floor n/a | None |
| Age (Yrs.) 44 | Storm/Screens yes/yes | Settlement NoneNoted | Outside Entry n/a | Unknown |
| Effective Age (Yrs.) 17-21 | Manufactured House no | Infestation NoneNoted | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq. Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | |
| Level 1 | | 1 | 1 | 1 | | 1 | | 3 | 2.0 | | utl. | 1268 |
| Level 2 | | | | | | | | | | | | |

Finished area above grade contains: 7 Rooms; 3 Bedroom(s); 2.0 Bath(s); 1268 Square Feet of Gross Living Area

| INTERIOR | Materials/Condition | HEATING | KITCHEN EQUIP. | ATTIC | AMENITIES | CAR STORAGE: |
|---|---|---|---|---|---|---|
| Floors | cptvin/avg | Type FHA | Refrigerator [ ] | None [ ] | Fireplace(s) # | None [ ] |
| Walls | wallbd/avg | Fuel oil | Range/Oven [X] | Stairs [ ] | Patio [ ] | Garage   # of cars |
| Trim/Finish | wood/avg | Condition avg | Disposal [ ] | Drop Stair [ ] | Deck [X] | Attached [ ] |
| Bath Floor | vinyl/avg | COOLING | Dishwasher [ ] | Scuttle [X] | Porch [X] | Detached [ ] |
| Bath Wainscot | ceramic/avg | Central CAC | Fan/Hood [X] | Floor [ ] | Fence [X] | Built-In [ ] |
| Doors | wood/avg | Other | Microwave [ ] | Heated [ ] | Pool [ ] | Carport [ ] |
| | | Condition avg | Washer/Dryer [ ] | Finished [ ] | 3 sheds [X] | Driveway [X] 1car |

Additional features (special energy efficient items, etc.): Storm windows, storm doors, deck, 3 sheds, and ceiling fans.
Condition of the improvements, depreciation (physical, functional, and external), repairs needed, quality of construction, remodeling/additions, etc.: No functional or external depreciation noted. Normal wear and tear noted. Subject has an above ground oil tank with no leaks noted.

Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property: none noted

Freddie Mac Form 70  6-93          10 CH.                    PAGE 1 OF 2          Fannie Mae Form 1004  6-93
Homeputer- Forms Processing System For Laser Printers  1 (802) 773-3018

12 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

## UNIFORM RESIDENTIAL APPRAISAL REPORT

File No. kidd120

| | |
|---|---|
| Property Address 120 Kidd Boulevard | City Norfolk | State VA | Zip Code 23502 |

Legal Description Lot 3, Block A, River Forest Shores   County n/a
Assessor's Parcel No. 10820700 1   Tax Year 98/99 R.E. Taxes $ 1085.28 Special Assessments $ none
Borrower Davis, Paul R.Jr &  Current Owner Patricia A./same  Occupant: [X] Owner [ ] Tenant [ ] Vacant
Property rights appraised [X] Fee Simple [ ] Leasehold  Project Type [ ] PUD [ ] Condominium (HUD/VA only) HOA$ n/a /Mo.
Neighborhood or Project Name River Forest   Map Reference 11-D12   Census Tract 0069.02
Sale Price $ n/a  Date of Sale n/a  Description & $ amount of loan charges/concessions to be paid by seller n/a
Lender/Client Chartway, Fed. C. U.  Address 160 Newtown Road Virginia Beach, VA 23462
Appraiser John E. Pitts  Address 228 N Donnawood Dr., Ste 103, Va Beach 23452

| Location | [ ] Urban [X] Suburban [ ] Rural | Predominant occupancy | Single family housing | Present land use % | Land use change |
|---|---|---|---|---|---|

Location [X] Suburban  Built up [X] Over 75%  Growth Rate [X] Stable  Property values [X] Stable  Demand/supply [X] In balance  Marketing time [X] Under 3 mos.

Predominant occupancy [X] Owner 90 [X] Tenant 5 [X] Vacant (0-5%) [ ] Vacant (Over 5%)

Single family housing PRICE $(000) 70 Low 25 95 High 60 Predominant 90 AGE (yrs) 45

Present land use % One family 90 2-4 family Multi-family Commercial 5 (vac ) 5

Land use change [X] Not likely [ ] Likely [ ] In process To:

Note: Race and the racial composition of the neighborhood are not appraisal factors.

Neighborhood boundaries and characteristics: Interstate I264 to north, Interstate I64 to east, Elizabeth River to south and west.

Factors that affect the marketability of the properties in the neighborhood: The subject property is located in River forest, an established neighborhood in the city of Norfolk. Properties are a mix of ranch and 2 story houses of average construction and are compatible in architectural design. It is near schools, shopping and major traffic arteries. Regional employment centers are easily accessible.

Market conditions in the subject neighborhood: A typical seller is willing to pay a portion of the buyers discount points & CC in this area, thus, sales prices are not influenced by the type of loan. Marketing time is average and supply and demand appear to be in balance. No adverse neighborhood conditions were noted. THIS APPRAISAL IS A SUMMARY REPORT AS DEFINED BY THE BOARD OF THE APPRAISAL FOUNDATION AND COMPLIES WITH USPAP.

Project Information for PUDs (if applicable) - - Is the developer/builder in control of the Home Owners' Association (HOA)? [ ] Yes [ ] No
Approximate total number of units in the subject project   Approximate total number of units for sale in the subject project
Describe common elements and recreational facilities: not located in a PUD

Dimensions 80 x 160 x 80 x 160   Topography level
Site area 12800 sf +/-   Corner Lot [ ] Yes [X] No  Size typical for area
Specific zoning classification and description R6 Residential   Shape rectangular
Zoning Compliance [X] Legal [ ] Legal nonconforming [ ] Illegal [ ] No zoning  Drainage appears adequate
Highest & best use as improved: [X] Present use [ ] Other use (explain)  View average

| Utilities | Public | Other | Off-site Improvements | Type | Public | Private | Landscaping typical |
|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Street | asphalt | [X] | | Driveway Surface concrete |
| Gas | | | Curb/gutter | yes | [X] | | Apparent easements normal utilities |
| Water | [X] | | Sidewalk | yes | [X] | | FEMA Special Flood Hazard Area [ ] Yes [X] No |
| Sanitary sewer | [X] | | Street lights | yes | [X] | | FEMA Zone C  Map Date 4/17/84 |
| Storm sewer | [X] | | Alley | no | | | FEMA Map No. 510104-0004D |

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning use, etc.): none
Equal

| GENERAL DESCRIPTION | EXTERIOR DESCRIPTION | FOUNDATION | BASEMENT | INSULATION |
|---|---|---|---|---|
| No. of Units 1 | Foundation block | Slab no | Area Sq. Ft. n/a | Roof |
| No. of Stories 1 | Exterior Walls vinyl | Crawl Space yes | % Finished n/a | Ceiling avg [X] |
| Type (Det./Att.) detach | Roof Surface comp | Basement none | Ceiling n/a | Walls avg [X] |
| Design (Style) ranch | Gutters & Dwnspts. yes/yes | Sump Pump no | Walls n/a | Floor |
| Existing/Proposed exist | Window Type dh | Dampness NoneNoted | Floor n/a | None |
| Age (Yrs.) 44 | Storm/Screens yes/yes | Settlement NoneNoted | Outside Entry n/a | Unknown |
| Effective Age (Yrs.) 17-15 | Manufactured House no | Infestation NoneNoted | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq. Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | |
| Level 1 | 1 | 1 | 1 | 1 | | | | 3 | 2.0 | | utl. | 1268 |
| Level 2 | | | | | | | | | | | | |

Finished area above grade contains: 7 Rooms; 3 Bedroom(s); 2.0 Bath(s); 1268 Square Feet of Gross Living Area

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

2. I have taken into consideration the factors that have an impact on value in my development of the estimate of market value in the appraisal report. I have not knowingly withheld any significant information from the appraisal report and I believe, to the best of my knowledge, that all statements and information in the appraisal report are true and correct.

3. I stated in the appraisal report only my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the contingent and limiting conditions specified in this form.

4. I have no present or prospective interest in the property that is the subject to this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or the estimate of market value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property.

5. I have no present or contemplated future interest in the subject property, and neither my current or future employment nor my compensation for performing this appraisal is contingent on the appraised value of the property.

6. I was not required to report a predetermined value or direction in value that favors the cause of the client or any related party, the amount of the value estimate, the attainment of a specific result, or the occurrence of a subsequent event in order to receive my compensation and/or employment for performing the appraisal. I did not base the appraisal report on a requested minimum valuation, a specific valuation, or the need to approve a specific mortgage loan.

7. I performed this appraisal in conformity with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place as of the effective date of this appraisal, with the exception of the departure provision of those Standards, which does not apply. I acknowledge that an estimate of a reasonable time for exposure in the open market is a condition in the definition of market value and the estimate I developed is consistent with the marketing time noted in the neighborhood section of this report, unless I have otherwise stated in the reconciliation section.

8. I have personally inspected the interior and exterior areas of the subject property and the exterior of all properties listed as comparables in the appraisal report. I further certify that I have noted any apparent or known adverse conditions in the subject improvements, on the subject site, or on any site within the immediate vicinity of the subject property, of which I am aware and have made adjustments for these adverse conditions in my analysis of the property value to the extent that I had market evidence to support them. I have also commented about the effect of the adverse conditions on the marketability of the subject property.

9. I personally prepared all conclusions and opinions about the real estate that were set forth in the appraisal report. If I relied on significant professional assistance from any individual or individuals in the performance of the appraisal or the preparation of the appraisal report, I have named such individual(s) and disclosed the specific tasks performed by them in the reconciliation section of this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in the report; therefore, if an unauthorized change is made to the appraisal report, I will take no responsibility for it.

**SUPERVISORY APPRAISER'S CERTIFICATION:** If a supervisory appraiser signed the appraisal report, he or she certifies and agrees that: I directly supervise the appraiser who prepared the appraisal report, have reviewed the appraisal report, agree with the statements and conclusions of the appraiser, agree to be bound by the appraiser's certifications numbered 4 through 7 above, and am taking full responsibility for the appraisal and the appraisal report.

**ADDRESS OF PROPERTY APPRAISED:**

120 Kidd Boulevard, Norfolk, VA  23502

| **APPRAISER:** | **SUPERVISORY APPRAISER** (only if required): |
|---|---|
| Signature: | Signature: |
| Name: John E. Pitts | Name: |
| Date Signed: May 13, 1999 | Date Signed: |
| State Certification #: 4001 002375 | State Certification #: |
| or State License #: | or State License #: |
| State: VA | State: |
| Expiration Date of Certification or License: 03/31/2000 | Expiration Date of Certification or License: |

☐ Did  ☐ Did Not Inspect Property

5.

14 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

2. The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5. The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. The separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6. The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

10. The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent. The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

Freddie Mac Form 439   6-93                                    Page 1 of 2                              Fannie Mae Form 1004B   6-93
Homputer• Forms Processing System for Laser Printers 1-(802) 773-3018

15 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

### Statement of Credit Denial, Termination or Change

DAVIS
Loan #: 2107000862

Date: AUGUST 14, 2015

Applicant's Name:
PAUL RUFUS DAVIS JR

Applicant's Address:   120 KIDD BLVD
NORFOLK, VA 23502

Description of Account, Transaction, or Requested Credit:
MORTGAGE APPLICATION

Description of Action Taken:
Thank you for your recent application for credit. Your request for a loan was carefully considered, and we regret that we are unable to approve your application at this time for the following reason(s):

Part I - Principal Reason(s) for Credit Denial, Termination, or Other Action Taken Concerning Credit

*This section must be completed in all instances.*

_____ Credit application incomplete
_____ Insufficient number of credit references provided
_____ Unacceptable type of credit references provided
_____ Unable to verify credit references
_____ Temporary or irregular employment
_____ Unable to verify employment
_____ Length of employment
_____ Income insufficient for amount of credit requested
_____ Excessive obligations in relation to income
_____ Unable to verify income
_____ Length of residence
_____ Temporary residence
_____ Unable to verify residence
_____ No credit file
_____ Limited credit experience
_____ Poor credit performance with us
_____ Delinquent past or present credit obligations with others
_____ Collection action or judgment
_____ Garnishment or attachment
_____ Foreclosure or repossession
_____ Bankruptcy
_____ Number of recent inquiries on credit bureau report

15858.104                              Page 1 of 3



6.

16 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

2107000862

___X___  Value or type of collateral not sufficient;
_____  Other, specify; _____

**Part II – Disclosure of Use of Information Obtained From an Outside Source**

This section should be completed if the credit decision was based in whole or in part on information that has been obtained from an outside source.

☐  Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name:

Address:

Toll-Free Telephone Number:

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

Your credit score:

Date:

Scores range from a low of to a high of

Key factors that adversely affected your credit score:

If you have any questions regarding your credit score, you should contact TransUnion Consumer Disclosure Center at:

Address: P.O. Box 1000, Chester, PA 19022

Toll-free Telephone number: 1-800-916-8800

☐  Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

15858.104                    Page 2 of 3

7. _____

17 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

2107000862

*If you have any questions regarding this notice, you should contact:*

Creditor's name: PRIMELENDING, A PLAINSCAPITAL COMPANY

Creditor's address: 704 QUINCE ORCHARD ROAD #230, GAITHERSBURG, MD 20878

Creditor's telephone number: (888) 812-2711

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the FEDERAL RESERVE CONSUMER HELP CENTER, PO BOX 1200, MINNEAPOLIS, MN 55480.

15858.104                    Page 3 of 3

8.

18 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

## Notice of Action Taken and Statement of Reasons

**Applicant Name and Address**
Paul R. Davis, Jr

120 KIDD BLVD, NORFOLK, VA 23502

**Property Address**
120 KIDD BLVD, NORFOLK, VA 23502

**Today's Date**
April 17, 2015
**Description of Account, Transaction or Requested Credit**
Conventional mortgage

We have carefully considered the credit application and sincerely regret that we are unable to approve the application at this time for the reason(s) indicated below. The decisions reflected below apply to applicant listed above unless otherwise noted.
• Value or type of collateral not sufficient

If you have any questions regarding this notice, you should contact:

**Creditor's Name:** Wells Fargo Bank, N.A.
**Phone:** 800-258-6649
**Creditor's Address:** 800 WALNUT ST, 9TH FLOOR, DES MOINES, IA 50309-3605

Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request to us, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

Thank you for considering us for your financing needs. Although we cannot be of service to you right now, you have our promise of immediate attention any time you choose to call on us for future assistance.

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is:

Bureau of Consumer Financial Protection
1700 G Street NW
Washington, DC 20006

HCFO-00078
Notice of Action Taken and Statement of Reasons

201504174.1.0.2815-J20141020Y

Page 1 of 1

9.

19 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

## UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

2107000862

   X   Value or type of collateral not sufficient

       Other, specify: _____

**Part II - Disclosure of Use of Information Obtained From an Outside Source**

This section should be completed if the credit decision was based in whole or in part on information that has been obtained from an outside source.

☐ Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name:

Address:

Toll-Free Telephone Number:

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

Your credit score:

Date:

Scores range from a low of to a high of

Key factors that adversely affected your credit score:

If you have any questions regarding your credit score, you should contact TransUnion Consumer Disclosure Center at:

Address: P.O. Box 1000, Chester, PA 19022

Toll-free Telephone number: 1-800-916-8800

☐ Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

15858.104                         Page 2 of 3

10.

20 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

2107000862

*If you have any questions regarding this notice, you should contact:*

Creditor's name: PRIMELENDING, A PLAINSCAPITAL COMPANY

Creditor's address: 704 QUINCE ORCHARD ROAD #230, GAITHERSBURG, MD 20878

Creditor's telephone number: (888) 812-2711

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the FEDERAL RESERVE CONSUMER HELP CENTER, PO BOX 1200, MINNEAPOLIS, MN 55480.

15858.104

Page 3 of 3

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

**Statement of Credit Denial, Termination or Change**

DAVIS
Loan #: 2107000862

Date: AUGUST 14, 2015

Applicant's Name:
PATRICIA ANN DAVIS

Applicant's Address:   120 KIDD BLVD
NORFOLK, VA 23502

Description of Account, Transaction, or Requested Credit:
MORTGAGE APPLICATION

Description of Action Taken:
Thank you for your recent application for credit. Your request for a loan was carefully considered, and we regret that we are unable to approve your application at this time for the following reason(s):

Part I - Principal Reason(s) for Credit Denial, Termination, or Other Action Taken Concerning Credit

*This section must be completed in all instances.*

_____ Credit application incomplete
_____ Insufficient number of credit references provided
_____ Unacceptable type of credit references provided
_____ Unable to verify credit references
_____ Temporary or irregular employment
_____ Unable to verify employment
_____ Length of employment
_____ Income insufficient for amount of credit requested
_____ Excessive obligations in relation to income
_____ Unable to verify income
_____ Length of residence
_____ Temporary residence
_____ Unable to verify residence
_____ No credit file
_____ Limited credit experience
_____ Poor credit performance with us
_____ Delinquent past or present credit obligations with others
_____ Collection action or judgment
_____ Garnishment or attachment
_____ Foreclosure or repossession
_____ Bankruptcy
_____ Number of recent inquiries on credit bureau report

15858.104

Page 1 of 3



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

**Statement of Credit Denial, Termination or Change**

DAVIS
Loan #: 2107000862

Date: AUGUST 14, 2015

Applicant's Name:
PATRICIA ANN DAVIS

Applicant's Address:  120 KIDD BLVD
NORFOLK, VA 23502

Description of Account, Transaction, or Requested Credit:
MORTGAGE APPLICATION

Description of Action Taken:
Thank you for your recent application for credit. Your request for a loan was
carefully considered, and we regret that we are unable to approve your
application at this time for the following reason(s):

Part I - Principal Reason(s) for Credit Denial, Termination, or Other Action Taken Concerning Credit

*This section must be completed in all instances.*

_____ Credit application incomplete
_____ Insufficient number of credit references provided
_____ Unacceptable type of credit references provided
_____ Unable to verify credit references
_____ Temporary or irregular employment
_____ Unable to verify employment
_____ Length of employment
_____ Income insufficient for amount of credit requested
_____ Excessive obligations in relation to income
_____ Unable to verify income
_____ Length of residence
_____ Temporary residence
_____ Unable to verify residence
_____ No credit file
_____ Limited credit experience
_____ Poor credit performance with us
_____ Delinquent past or present credit obligations with others
_____ Collection action or judgment
_____ Garnishment or attachment
_____ Foreclosure or repossession
_____ Bankruptcy
_____ Number of recent inquiries on credit bureau report

15858.104                          Page 1 of 3



23 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

2107000862

*If you have any questions regarding this notice, you should contact:*

Creditor's name: PRIMELENDING, A PLAINSCAPITAL COMPANY

Creditor's address: 704 QUINCE ORCHARD ROAD #230, GAITHERSBURG, MD 20878

Creditor's telephone number: (888) 812-2711

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the FEDERAL RESERVE CONSUMER HELP CENTER, PO BOX 1200, MINNEAPOLIS, MN 55480.

15858.104                          Page 3 of 3

11.

24 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

2107000862

___X___  Value or type of collateral not sufficient
_____  Other, specify: _____

Part II - Disclosure of Use of Information Obtained From an Outside Source

This section should be completed if the credit decision was based in whole or in part on information that has been obtained from an outside source.

☐ Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name:

Address:

Toll-Free Telephone Number:

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

Your credit score:

Date:

Scores range from a low of to a high of

Key factors that adversely affected your credit score:

If you have any questions regarding your credit score, you should contact TransUnion Consumer Disclosure Center at:

Address: P.O. Box 1000, Chester, PA 19022

Toll-free Telephone number: 1-800-916-8800

☐ Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

15858.104                               Page 2 of 3

25 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

### Statement of Credit Denial, Termination or Change

DAVIS
Loan #: 2107000862

Date: AUGUST 14, 2015

Applicant's Name:
PATRICIA ANN DAVIS

Applicant's Address:   120 KIDD BLVD
NORFOLK, VA 23502

Description of Account, Transaction, or Requested Credit:
MORTGAGE APPLICATION

Description of Action Taken:
Thank you for your recent application for credit. Your request for a loan was carefully considered, and we regret that we are unable to approve your application at this time for the following reason(s):

Part I - Principal Reason(s) for Credit Denial, Termination, or Other Action Taken Concerning Credit

*This section must be completed in all instances.*

_____ Credit application incomplete
_____ Insufficient number of credit references provided
_____ Unacceptable type of credit references provided
_____ Unable to verify credit references
_____ Temporary or irregular employment
_____ Unable to verify employment
_____ Length of employment
_____ Income insufficient for amount of credit requested
_____ Excessive obligations in relation to income
_____ Unable to verify income
_____ Length of residence
_____ Temporary residence
_____ Unable to verify residence
_____ No credit file
_____ Limited credit experience
_____ Poor credit performance with us
_____ Delinquent past or present credit obligations with others
_____ Collection action or judgment
_____ Garnishment or attachment
_____ Foreclosure or repossession
_____ Bankruptcy
_____ Number of recent inquiries on credit bureau report

Page 1 of 3

15858.104

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

### Statement of Credit Denial, Termination or Change

DAVIS
Loan #: 2107000862

Date: AUGUST 14, 2015

Applicant's Name:
PATRICIA ANN DAVIS

Applicant's Address:   120 KIDD BLVD
                       NORFOLK, VA 23502

Description of Account, Transaction, or Requested Credit:
MORTGAGE APPLICATION

Description of Action Taken:
Thank you for your recent application for credit. Your request for a loan was carefully considered, and we regret that we are unable to approve your application at this time for the following reason(s):

Part I - Principal Reason(s) for Credit Denial, Termination, or Other Action Taken Concerning Credit

*This section must be completed in all instances.*

_____ Credit application incomplete
_____ Insufficient number of credit references provided
_____ Unacceptable type of credit references provided
_____ Unable to verify credit references
_____ Temporary or irregular employment
_____ Unable to verify employment
_____ Length of employment
_____ Income insufficient for amount of credit requested
_____ Excessive obligations in relation to income
_____ Unable to verify income
_____ Length of residence
_____ Temporary residence
_____ Unable to verify residence
_____ No credit file
_____ Limited credit experience
_____ Poor credit performance with us
_____ Delinquent past or present credit obligations with others
_____ Collection action or judgment
_____ Garnishment or attachment
_____ Foreclosure or repossession
_____ Bankruptcy
_____ Number of recent inquiries on credit bureau report

⊜  15858.104                    Page  1  of  3



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

## Notice of Action Taken and Statement of Reasons

**Applicant Name and Address**
Paul R Davis, Jr

120 KIDD BLVD, NORFOLK, VA 23502

**Today's Date**
April 17, 2015
**Description of Account, Transaction or Requested Credit**
Conventional mortgage

**Property Address**
120 KIDD BLVD, NORFOLK, VA 23502

We have carefully considered the credit application and sincerely regret that we are unable to approve the application at this time for the reason(s) indicated below. The decisions reflected below apply to applicant listed above unless otherwise noted.

• Value or type of collateral not sufficient

If you have any questions regarding this notice, you should contact:

**Creditor's Name:** Wells Fargo Bank, N.A.
**Phone:** 800-258-6649
**Creditor's Address:** 800 WALNUT ST, 9TH FLOOR, DES MOINES, IA 50309-3605

Our credit decision was based in whole or in part on information obtained from an affiliate or from an outside source other than a consumer reporting agency. Under the Fair Credit Reporting Act, you have the right to make a written request to us, no later than 60 days after you receive this notice, for disclosure of the nature of this information.

Thank you for considering us for your financing needs. Although we cannot be of service to you right now, you have our promise of immediate attention any time you choose to call on us for future assistance.

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is:

Bureau of Consumer Financial Protection
1700 G Street NW
Washington, DC 20006

28 Davis Et Al. Vs. Vdot. City Of Norfolk. Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

*ROBERT J. BELL & ASSOC., INC*
*REAL ESTATE APPRAISERS*

File No. 120KIDD

No AMC
PrimeLending, A Plains Capital Company
18111 PRESTON RD
DALLAS, TX 75252

File Number:   120KIDD

In accordance with your request, I have appraised the real property at:

120 KIDD BLVD
NORFOLK, VA 23502

The purpose of this appraisal is to develop an opinion of the market value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the market value of the property as of   July 8, 2015                    is:

$185,000
One Hundred Eighty-Five Thousand Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, limiting conditions and appropriate certifications.

ROBERT JEFFREY BELL
#4001004043
APPRAISER

3419 VIRGINIA BEACH BLVD. #241, VA BEACH, VA 23452   757-340-4546/757-340-4547

12.

29 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

## Uniform Residential Appraisal Report

File No. 120KIDD

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

| | |
|---|---|
| Property Address 120 KIDD BLVD | City NORFOLK | State VA | Zip Code 23502 |
| Borrower PAUL & PATRICIA DAVIS | Owner of Public Record PAUL & PATRICIA DAVIS | County NORFOLK CITY |

Legal Description 3 BLK A RIVER FORREST SHORES

Assessor's Parcel # 10320700    Tax Year 2014    R.E. Taxes $ 1,709

Neighborhood Name RIVER FORREST SHORES    Map Reference 221-J86    Census Tract 0069.02

Occupant [X] Owner [ ] Tenant [ ] Vacant    Special Assessments $ 0    [ ] PUD   HOA $ 0   [ ] per year [ ] per month

Property Rights Appraised [X] Fee Simple [ ] Leasehold [ ] Other (describe)

Assignment Type [ ] Purchase Transaction [X] Refinance Transaction [ ] Other (describe)

Lender/Client PrimeLending, A Plains Capital Company   Address 18111 PRESTON RD, STE 900, DALLAS, TX 75252

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? [ ] Yes [X] No

Report data source(s) used, offering price(s), and date(s). REINMLS

[ ] I did [ ] did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

Contract Price $    Date of Contract    Is the property seller the owner of public record? [ ] Yes [ ] No   Data Source(s)

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc) to be paid by any party on behalf of the borrower? [ ] Yes [ ] No

If Yes, report the total dollar amount and describe the items to be paid.

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | | Present Land Use % |
|---|---|---|---|
| Location [X] Urban [X] Suburban [ ] Rural | Property Values [ ] Increasing [X] Stable [ ] Declining | PRICE $(000) AGE (yrs) | One-Unit 70% % |
| Built-Up [X] Over 75% [ ] 25-75% [ ] Under 25% | Demand/Supply [ ] Shortage [X] In Balance [ ] Over Supply | 85000 Low 0 | 2-4 Unit % |
| Growth [ ] Rapid [X] Stable [ ] Slow | Marketing Time [ ] Under 3 mths [X] 3-6 mths [ ] Over 6 mths | 99 Low 5 | Multi-Family % |
| Neighborhood Boundaries LOCATED TO THE NORTH OF THE ELIZABETH RIVER, SOUTH OF HIGHWAY | | 650 High 80 | Commercial 30% % |
| 264, WEST OF HIGHWAY 64, AND EAST OF MILITARY HIGHWAY. | | 200 Pred. 40 | Other % |

Neighborhood Description See Attached Addendum

Market Conditions (including support for the above conclusions)  See Attached Addendum

| | | | |
|---|---|---|---|
| Dimensions 80 X 160 | Area 12800 sf | Shape RECTANGULAR | View N;Wtr; |

Specific Zoning Classification R-6    Zoning Description SF RESIDENTIAL

Zoning Compliance [X] Legal [ ] Legal Nonconforming (Grandfathered Use) [ ] No Zoning [ ] Illegal (describe)

Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use? [X] Yes [ ] No  If No, describe.

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Water | [X] | | Street ASPHALT | [X] | |
| Gas | [X] | | Sanitary Sewer | [X] | | Alley NONE | | |

FEMA Special Flood Hazard Area [ ] Yes [X] No  FEMA Flood Zone X   FEMA Map # 5101040180E   FEMA Map Date 09/02/2009

Are the utilities and off-site improvements typical for the market area? [X] Yes [ ] No  If No, describe.

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc)? [ ] Yes [X] No  If Yes, describe.

| | | | |
|---|---|---|---|
| GENERAL DESCRIPTION | FOUNDATION | EXTERIOR DESCRIPTION materials/condition | INTERIOR materials/condition |
| Units [X] One [ ] One with Accessory Unit | [ ] Concrete Slab [X] Crawl Space | Foundation Walls MASONRY BL/AVG | Floors HD/WD,CPT/AVG |
| # of Stories 1 | [ ] Full Basement [ ] Partial Basement | Exterior Walls VINYL/AVG | Walls PLASTER/AVG |
| Type [X] Det. [ ] Att. [ ] S-Det./End Unit | Basement Area 0 sq ft | Roof Surface ARCH SHINGLE/GD | Trim/Finish WOOD/AVG |
| [X] Existing [ ] Proposed [ ] Under Const. | Basement Finish 0 % | Gutters & Downspouts ALUMINUM/AVG | Bath Floor TILE/VNL/AVG |
| Design (Style) RANCH | [ ] Outside Entry/Exit [ ] Sump Pump | Window Type WD DBL HUNG/AVG | Bath Wainscot TILE/LS,TILE/AVG |
| Year Built 1955 | Evidence of [ ] Infestation | Storm Sash/Insulated STORMS/AVG | Car Storage [ ] None |
| Effective Age (Yrs) 20 | [ ] Dampness [ ] Settlement | Screens FIBGLASS/AVG | [X] Driveway # of Cars 2 |
| Attic [ ] None | Heating [X] FWA [ ] HWBB [ ] Radiant | Amenities | Driveway Surface CONCRETE |
| [ ] Drop Stair [ ] Stairs | [ ] Other   Fuel GAS | [ ] Fireplace(s) # 0 | [ ] Garage # of Cars 0 |
| [ ] Floor [X] Scuttle | Cooling [X] Central Air Conditioning | [X] Patio/Deck deck [ ] Porch None | [ ] Carport # of Cars 0 |
| [ ] Finished [ ] Heated | [ ] Individual [ ] Other | [ ] Pool None [ ] Other None | [ ] Att. [ ] Det. [ ] Built-in |
| Appliances [X] Refrigerator [X] Range/Oven [X] Dishwasher [X] Disposal [ ] Microwave [ ] Washer/Dryer [X] Other (describe) FAN/HOOD | | | |
| Finished area above grade contains: 7 Rooms   3 Bedrooms   2.0 Bath(s)   1,268 Square Feet of Gross Living Area Above Grade | | | |

Additional features (special energy efficient items, etc). STORM WINDOWS AND DOORS

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc).  C4,No updates in the prior 15 years. The subject property was built prior to 1978. Residential structures built prior to 1978 may contain lead-based paint. Appraiser is not responsible for testing to determine if the paint surfaces in the subject property are indeed lead-based.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? [ ] Yes [X] No  If Yes, describe. ALL UTILITIES APPEARED TO BE IN WORKING ORDER AT THE TIME OF INSPECTION

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc)? [X] Yes [ ] No  If No, describe.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

## Uniform Residential Appraisal Report

File No. 120KIDD

There are  4  comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 160,000  to $ 270,000 .
There are  6  comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 130,000  to $ 270,000 .

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| 120 KIDD BLVD | | 143 KIDD BLVD | | 5913 BRINDA AVE | | 5921 JERRY RD | |
| Address NORFOLK, VA 23502 | | NORFOLK, VA 23502 | | NORFOLK, VA 23502 | | NORFOLK, VA 23502 | |
| Proximity to Subject | | 0.11 miles SW | | 0.27 miles SW | | 0.28 miles NW | |
| Sale Price | $ | | $ 270,000 | | $ 195,000 | | $ 130,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq.ft. | $ 154.29 sq.ft. | | $ 115.25 sq.ft. | | $ 112.85 sq.ft. | |
| Data Source(s) | | REINMLS #1512919;DOM 12 | | REINMLS #1446877;DOM 169 | | REINMLS #1410569;DOM 105 | |
| Verification Source(s) | | ASSESSOR REC;EXTERIOR INSP | | ASSESSOR REC;EXTERIOR INSP | | ASSESSOR REC;EXTERIOR INSP | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment |
| Sale or Financing | | ArmLth | | ArmLth | | ArmLth | |
| Concessions | | FHA;0 | | VA;0 | | Conv;0 | |
| Date of Sale/Time | | s04/15;c04/13 | | s05/15;c04/15 | | s07/14;c06/14 | |
| Location | N;Res; | N;Res; | | N;Res; | | N;Res; | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 12800 sf | 14305 sf | 0 | 9877 sf | 0 | 10565 sf | 0 |
| View | N;Wtr; | N;Wtr; | | N;Res; | | N;Res; | |
| Design (Style) | DT1;RANCH | DT1;RANCH | | DT1;RANCH | 20,000 | DT1;RANCH | 20,000 |
| Quality of Construction | Q4 | Q4 | | Q4 | | Q4 | |
| Actual Age | 60 | 59 | 0 | 69 | | 60 | |
| Condition | C4 | C3 | -30,000 | C4 | | C4 | |
| Above Grade | Total 7 Bdrms 3 Baths 2.0 | Total 8 Bdrms 4 Baths 2.1 | -1,500 | Total 6 Bdrms 3 Baths 2.0 | 0 | Total 7 Bdrms 3 Baths 1.0 | 3,000 |
| Room Count | | | -16,260 | | 1,692 sq.ft. | | 1,680 |
| Gross Living Area | 1,208 sq.ft. | 1,750 sq.ft. | | 0sf | -14,520 | 1,152 sq.ft. | 1,680 |
| Basement & Finished | 0sf | 0sf | | 0sf | | 0sf | |
| Rooms Below Grade | | | | | | | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | FWA C/Air | FWA C/Air | | FWA C/Air | | FWA C/Air | |
| Energy Efficient Items | STORM WD/DRS | INSUL WD/DRS | 0 | INSUL WD/DRS | 0 | INSUL WD/DRS | 0 |
| Garage/Carport | 2dw | 2gd2dw | -15,000 | 2gd2dw | -15,000 | 2dw | |
| Porch/Patio/Deck | Deck | Patio | 0 | NONE | 1,000 | NONE | 1,000 |
| Net Adjustment (Total) | | ☐ + ☒ - | $ 62,760 | ☐ + ☒ - | $ 8,520 | ☒ + ☐ - | $ 25,680 |
| Adjusted Sale Price | | Net Adj. -23.24% | | Net Adj. -4.4% % | | Net Adj. 19.8% % | |
| of Comparables | | Gross Adj. 23.2% % $ 207,240 | | Gross Adj. 25.9% % $ 186,480 | | Gross Adj. 19.8% % $ 155,680 | |

I ☒ did  ☐ did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research ☒ did  ☐ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data source(s)  MLS/COURT RECORDS
My research ☒ did  ☐ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data source(s)  MLS/COURT RECORDS
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE NO. 1 | COMPARABLE SALE NO. 2 | COMPARABLE SALE NO. 3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | | 08/13/2014 | | |
| Price of Prior Sale/Transfer | | $141,500 | | |
| Data Source(s) | CITY RECORDS | CITY RECORDS | CITY RECORDS | CITY RECORDS |
| Effective Date of Data Source(s) | 07/08/2015 | 07/08/2015 | 07/08/2015 | 07/08/2015 |

Analysis of prior sale or transfer history of the subject property and comparable sales  THE SUBJECT IS NOT ON THE MARKET & HAS NOT TRANSFERRED WITHIN THE PAST 36 MONTHS. NO PERSONAL PROPERTY WAS INCLUDED IN THE FINAL VALUE ESTIMATE. THE INFORMATION REPORTED FOR THE PREVIOUS SALES HISTORY OF THE SUBJECT(AND COMPARABLES, IF APPLICABLE) INCLUDES A THREE YEAR HISTORY. COMP 1'S PREVIOUS SALE WAS A FORECLOSURE (WHICH ARE NOT TYPICAL OF THE MARKET AREA).

Summary of Sales Comparison Approach.  THE SALES USED ARE THE MOST RELIABLE IN TERMS OF LOCATION, UTILITY, DESIGN, AND QUALITY OF CONSTRUCTION. SEE ATTACHED ADDENDA FOR ADDITIONAL COMMENTS. THE USE OF SALES OVER 6 MONTHS WAS UNAVOIDABLE DUE TO THE LACK OF RECENT COMPARABLE SALES. MOST WEIGHT IS GIVEN TO COMPS 1 AND 2 AS THEY ARE 3 BEDROOM SALES. COMPS 1 AND 4 REQUIRED VERY LARGE CONDITION ADJUSTMENTS FOR HAVING RENOVATED KITCHENS, BATHS, FLOORING, HVAC, ETC

Indicated Value by Sales Comparison Approach $ 185,000
Indicated Value by: Sales Comparison Approach $ 185,000   Cost Approach (if developed) $ 187,300   Income Approach (if developed) $ 0
THE SALES COMPARISON APPROACH IS GIVEN THE MOST WEIGHT AS THERE IS AMPLE MARKET DATA AVAILABLE FOR ANALYSIS. THE MARKET VALUE OF THE SUBJECT IS ESTIMATED TO BE IN THE MID-RANGE OF ADJUSTED VALUES. THE COST APPROACH IS NOT PROVIDED INSUFFICIENT RENTAL DATA AVAILABLE FOR USE IN THE INCOME APPROACH.

This appraisal is made ☒ "as is",  ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed,  ☐ subject to the following required
☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or  ☐ subject to the following required
☐ inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:   NO PERSONAL PROPERTY INCLUDED IN FINAL VALUE ESTIMATE.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $ 185,000
as of  07/08/2015 , which is the date of inspection and the effective date of this appraisal.

ROBERT J. BELL & ASSOC., INC.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

## Uniform Residential Appraisal Report

File No. 120KIDD

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. 5 | | COMPARABLE SALE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 120 KIDD BLVD NORFOLK, VA 23502 | 124 KIDD BLVD NORFOLK, VA 23502 | | | | | |
| Proximity to Subject | | 0.02 miles SW | | | | | |
| Sale Price | $ | $ 270,000 | | $ | | $ | |
| Sale Price/Gross Liv. Area | $ 0.00 sq.ft. | $ 111.52 sq.ft. | | $ 0.00 sq.ft. | | $ 0.00 sq.ft. | |
| Data Source(s) | | REINMLS #152381A;DOM 45 | | | | | |
| Verification Source(s) | | ASSESSOR REC;EXTERIOR INSP | | | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment |
| Sale or Financing Concessions | | Listing 0 | | | | | |
| Date of Sale/Time | | Active | -13,500 | | | | |
| Location | N;Res | N;Res | | | | | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | | | | |
| Site | 12500 sf | 12621 sf | 0 | | | | |
| View | N;Whc | N;Whc | | | | | |
| Design (Style) | DT1;RANCH | DT2;CAPE COD | 0 | | | | |
| Quality of Construction | Q4 | Q4 | 0 | | | | |
| Actual Age | 60 | 76 | | | | | |
| Condition | C4 | C3 | -10,000 | | | | |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | | Total Bdrms Baths | |
| Room Count | 7 3 2.0 | 8 5 2.1 | -1,500 | sq.ft. | | sq.ft. | |
| Gross Living Area | 1,208 sq.ft. | 2,431 sq.ft. | -36,690 | | | | |
| Basement & Finished Rooms Below Grade | 0sf | 0sf | | | | | |
| Functional Utility | AVERAGE | AVERAGE | | | | | |
| Heating/Cooling | FWA C/AIR | FWA C/AIR | | | | | |
| Energy Efficient Items | STORM WD/DRS | INSUL WD/DRS | 0 | | | | |
| Garage/Carport | 2dw | 2dw | | | | | |
| Porch/Patio/Deck | Deck | Inground Pool | -5,000 | | | | |
| Net Adjustment (Total) | | + [X] - | $ 86,400 | + - | $ | + - | $ |
| Adjusted Sale Price of Comparables | | Net Adj. -32.0% Gross Adj. 32.0% | $ 133,600 | Net Adj. % Gross Adj. % | $ | Net Adj. % Gross Adj. % | $ |

| ITEM | SUBJECT | COMPARABLE SALE NO. 4 | COMPARABLE SALE NO. 5 | COMPARABLE SALE NO. 6 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | | | | |
| Price of Prior Sale/Transfer | | | | |
| Data Source(s) | CITY RECORDS 07/08/2015 | CITY RECORDS 07/08/2015 | | |
| Effective Date of Data Source(s) | | | | |

Summary of Sales Comparison Approach  COMP 4 IS AN ACTIVE LISTING AND IS ADJUSTED DOWN BASED ON THE LIST TO SALES PRICE RATIOS IN THE NEIGHBORHOOD. COMP 4 IS USED AS IT IS LOCATED NEXT DOOR TO THE SUBJECT.

Produced by Mer Form 2014 March 2.0.0

URD Version 9/2011

Fannie Mae Form 1004 March 2005

Turn Down 1st Choice Mortgage



1ST CHOICE APPRAISAL
(757) 816-3043

File No. 69649288

APPRAISAL OF

LOCATED AT:
120 KIDD BLVD
NORFOLK, VA 23502-6214

FOR:
Wells Fargo Bank, N.A. - 0161950
Des Moines
IA 50309

BORROWER:
DAVIS PAUL R and PATRICIA

AS OF:
April 12, 2015

BY:
James Michael Sexton

FORLIS@msn.com

33 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

File No. 69649288

Wells Fargo Bank, N.A. - 0161850
Des Moines
IA 50309

File Number:   69649288

In accordance with your request, I have appraised the real property at:

120 KIDD BLVD
NORFOLK, VA 23502-5214

The purpose of this appraisal is to develop an opinion of the market value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the market value of the property as of   April 12, 2015                      is:

$132,000
One Hundred Thirty-Two Thousand Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, limiting conditions and appropriate certifications.

James Michael Sexton

34 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

## Uniform Residential Appraisal Report

File No. 68649286

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

| | | |
|---|---|---|
| Property Address 120 KIDD BLVD | City NORFOLK | State VA Zip Code 23502-3214 |
| Borrower DAVIS PAUL R and PATRICIA | Owner of Public Record DAVIS PAUL R and PATRICIA | County Norfolk City |

Legal Description 3 Blk A River Forrest Shores

| | | | |
|---|---|---|---|
| Assessor's Parcel # 10820700 | Tax Year 2014 | | R.E. Taxes $ 1,708 |
| Neighborhood Name River Forest Shores | Map Reference N/A | | Census Tract 0069.02 |
| Occupant ☒ Owner ☐ Tenant ☐ Vacant | Special Assessments $ 0 | ☐ PUD HOA $ 0 | ☐ per year ☐ per month |
| Assignment Type ☐ Purchase Transaction ☒ Refinance Transaction ☐ Other (describe) | | | |
| Property Rights Appraised ☒ Fee Simple ☐ Leasehold ☐ Other (describe) | | | |

Lender/Client Wells Fargo Bank, N.A. - 0161950  Address Des Moines, IA 50309

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? ☐ Yes ☒ No

Report data source(s) used, offering price(s), and date(s). Data sources include: REIN/MLS/Tax Records.  Per MLS/Tax Records the subject property has not been sold or listed in the past year.

I ☐ did ☐ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

| | |
|---|---|
| Contract Price $ | Date of Contract | Is the property seller the owner of public record? ☐ Yes ☐ No | Data Source(s) |

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? ☐ Yes ☐ No

If Yes, report the total dollar amount and describe the items to be paid.

Note Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|---|
| Location ☒ Urban ☒ Suburban ☐ Rural | Property Values ☐ Increasing ☒ Stable ☐ Declining | | | PRICE | AGE | One-Unit | 75 % |
| Built-Up ☒ Over 75% ☐ 25-75% ☐ Under 25% | Demand/Supply ☐ Shortage ☒ In Balance ☐ Over Supply | | | $000 (000) | (yrs) | 2-4 Unit | 2.5 % |
| Growth ☐ Rapid ☒ Stable ☐ Slow | Marketing Time ☐ Under 3 mths ☒ 3-6 mths ☐ Over 6 mths | | | 110 Low | 7 | Multi-Family | 2.5 % |
| Neighborhood Boundaries The subject is bound by Rt. 264 to the North, Elizabeth River to the | | | | 230 High | 70 | Commercial | 10 % |
| South, Rt. 64 to the East, and Rt. 13 to the West. | | | | 166 Pred. | 60 | Other Vacant | 10 % |

Neighborhood Description The subject is located in an established residential area within close proximity to schools, shopping, houses of worship and other expected suburban amenities. Major commuter routes nearby provide access to most points in the metropolitan area including employment centers. The neighborhood exhibits average maintenance patterns and marketability.

Market Conditions (including support for the above conclusions)  See Attached Addendum

| | | | |
|---|---|---|---|
| Dimensions 80 x 320 | Area 25600 sf | Shape Regular | View N;Wtr; |

| | |
|---|---|
| Specific Zoning Classification R-6 | Zoning Description Single Family Residence |
| Zoning Compliance ☒ Legal ☐ Legal Nonconforming (Grandfathered Use) ☐ No Zoning ☐ Illegal (describe) | |

Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use? ☒ Yes ☐ No  If No, describe. See Attached Addendum

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements—Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | | Water | ☒ | | Street Pavement | ☒ | |
| Gas | ☒ | | Sanitary Sewer | ☒ | | Alley None | | |

FEMA Special Flood Hazard Area ☐ Yes ☒ No  FEMA Flood Zone X  FEMA Map # 5101040180F  FEMA Map Date 09/02/2009

Are the utilities and off-site improvements typical for the market area? ☒ Yes ☐ No  If No, describe.

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? ☐ Yes ☒ No  If Yes, describe. The appraiser did not check the land records for recorded easements, as these types of documents are not readily available. The appraiser has reported only apparent easements, encroachments, and other apparent adverse conditions for the purpose of this appraisal. The appraiser also recommends a qualified professional surveyor and/or EPA consultant for a complete and accurate description of any factors that may have been unforeseen at the time of inspection.

| GENERAL DESCRIPTION | | FOUNDATION | | EXTERIOR DESCRIPTION | materials/condition | INTERIOR | materials/condition |
|---|---|---|---|---|---|---|---|
| Units ☒ One ☐ One with Accessory Unit | Concrete Slab ☒ Crawl Space | | Foundation Walls | Cinderblock/Avg. | Floors | Carpet/Vin./Avg. |
| # of Stories 1 | ☐ Full Basement ☐ Partial Basement | | Exterior Walls | Vinyl/Avg. | Walls | Drywall/Avg. |
| Type ☒ Det. ☐ Att. ☐ S-Det./End Unit | Basement Area 0 sq.ft. | | Roof Surface | Arch.Shingle/Avg. | Trim/Finish | Wood/Avg. |
| ☒ Existing ☐ Proposed ☐ Under Const. | Basement Finish 0% | | Gutters & Downspouts None | | Bath Floor | Vinyl/Avg. |
| Design (Style) Ranch | ☐ Outside Entry/Exit ☐ Sump Pump | | Window Type | Metal/Avg. | Bath Wainscot | Fiberglass/Avg. |
| Year Built 1955 | Evidence of ☐ Infestation | | Storm Sash/Insulated None | | Car Storage | ☐ None |
| Effective Age (Yrs) 15 | ☐ Dampness ☐ Settlement | | Screens | Metal/Avg. | ☒ Driveway # of Cars 2 | |
| Attic ☐ None | Heating ☒ FWA ☐ HWBB ☐ Radiant | | Amenities | Wood/Stove(s) # 0 | Driveway Surface Paved | |
| ☐ Drop Stair ☐ Stairs | Other Fuel Gas | | Fireplace(s) # 0 | Fence None | ☐ Garage # of Cars 0 | |
| ☐ Floor ☒ Scuttle | Cooling ☒ Central Air Conditioning | | Patio/Deck Deck | ☒ Porch Covered | ☐ Carport # of Cars 0 | |
| ☐ Finished ☐ Heated | ☐ Individual ☐ Other | | Pool None | ☒ Other 2 Sheds | ☐ Att. ☐ Det. ☐ Built-in | |

Appliances ☒ Refrigerator ☒ Range/Oven ☒ Dishwasher ☐ Disposal ☒ Microwave ☒ Washer/Dryer ☐ Other (describe)

Finished area above grade contains: 7 Rooms  3 Bedrooms  2.0 Bath(s)  1,217 Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.).  Typical features for the neighborhood and the area.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).  C3:No updates in the prior 15 years; All of the utilities were turned on, and in proper working condition at the time of the inspection (including the testing for hot water).  The garage of the subject property appeared to have been converted prior to the effective date of this appraisal.  The work was performed in a workmanlike manner, however, it would not be easily converted back into a garage.  The converted space did have HVAC tied in from the main system, therefore, the appraiser did include it in the overall GLA for the purpose of this appraisal.  <Continued in addendum>

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? ☐ Yes ☒ No  If Yes, describe. Lead based paint hazards "could" exist in any home built before January 1, 1978. Correction is required to all defective painted surfaces if they exist. The appraiser is unaware if lead based paint exists, however, the warning was noted due to the age of the subject property. A lead based paint inspection is recommended.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? ☒ Yes ☐ No  If No, describe.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

## Uniform Residential Appraisal Report

File No. 69649283

There are __4__ comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 139,900 to $ 210,000

There are __8__ comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 115,000 to $ 217,500

| FEATURE | SUBJECT | COMPARABLE SALE NO. 1 | | COMPARABLE SALE NO. 2 | | COMPARABLE SALE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 120 KIDD BLVD NORFOLK, VA 23502-5214 | 148 Kidd Boulevard Norfolk, VA 23502 | | 5021 Jerry Road Norfolk, VA 23502 | | 300 Petley Drive Norfolk, VA 23502 | |
| Proximity to Subject | | 0.11 miles SW | | 0.27 miles NW | | 0.54 miles SW | |
| Sale Price | $ | $ 141,500 | | $ 130,000 | | $ 140,000 | |
| Sale Price/Gross Liv. Area | $ 0.00 sq. ft. | $ 93.77 sq. ft. | | $ 112.85 sq. ft. | | $ 109.63 sq. ft. | |
| Data Source(s) | | MLS REIN #143419925;DOM 25 | | MLS REIN #1410660;DOM 105 | | MLS REIN #1421666;DOM 31 | |
| Verification Source(s) | | Tax ID#36280100 | | Tax ID#08805900 | | Tax ID#147B5700 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment |
| Sale or Financing Concessions | | ArmLth Cash;0 | | ArmLth Conv;0 | | ArmLth Cash;0 | |
| Date of Sale/Time | | s09/14;c08/14 | | s07/14;c06/14 | | s06/14;c06/14 | |
| Location | N;WtrFr; | N;WtrFr; | | N;Res; | | N;WtrFr; | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | 5,000 | Fee Simple | |
| Site | 25600 sf | 15682 sf | 0 | 10454 sf | 0 | 13939 sf | 0 |
| View | N;Wtr; | N;Wtr; | | N;Res; | 0 | B;Wtr; | -5,000 |
| Design (Style) | DT1;Ranch | DT1;Ranch | | DT1;Ranch | | DT1;Ranch | |
| Quality of Construction | Q3 | Q3 | | Q3 | | Q3 | |
| Actual Age | 60 | 59 | 0 | 60 | | 65 | 0 |
| Condition | C3 | C4 | 5,000 | C3 | | C2 | -5,000 |
| Above Grade Room Count | Total 7 / Bdrms 3 / Baths 2.0 | Total 6 / Bdrms 3 / Baths 1.1 | 2,000 | Total 7 / Bdrms 3 / Baths 1.0 | 4,000 | Total 6 / Bdrms 3 / Baths 1.0 | 4,000 |
| Gross Living Area | 1,217 sq. ft. | 1,509 sq. ft. | -8,780 | 1,152 sq. ft. | 1,950 | 1,277 sq. ft. | -1,800 |
| Basement & Finished Rooms Below Grade | 0sf | 0sf | | 0sf | | 0sf | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FWA/Gas/C/Air | FWA/Oil/C/Air | 0 | FWA/Oil/C/Air | | FWA/Gas/C/Air | |
| Energy Efficient Items | None | None | | None | | None | |
| Garage/Carport | 2dw | 1ga2gd2dw | -12,000 | 2dw | | 2dw | |
| Porch/Patio/Deck | Porch/Deck | Porch/Patio | 1,600 | Porch | 2,500 | Porch/Deck | |
| Fireplace(s) | 0 F/P | 1 F/P | -500 | 0 F/P | | 1 F/P | -500 |
| Fence/Shed/Pool | 2 Sheds | Fence/Pool | -8,000 | Fence/Shed | -1,000 | Fence | -1,000 |
| Misc. Upgrades | Typical | Typical | | Typical | | Kitchen Updated | -5,000 |
| Net Adjustment (Total) | | [X]+ [ ]- $ 20,760 | | [X]+ [ ]- $ 12,450 | | [ ]+ [X]- $ 14,300 | |
| Adjusted Sale Price of Comparables | | Net Adj. -14.7% Gross Adj. 26.7% $ 120,740 | | Net Adj. 9.6% Gross Adj. 11.1% $ 142,450 | | Net Adj. -10.2% Gross Adj. 15.9% $ 125,700 | |

[X] did [ ] did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research [ ] did [X] did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data source(s)  REIN/MLS

My research [X] did [ ] did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data source(s)  REIN/MLS

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE NO. 1 | COMPARABLE SALE NO. 2 | COMPARABLE SALE NO. 3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | | 07/28/2014 | | 08/23/2014 |
| Price of Prior Sale/Transfer | | $172,651 | | $0 |
| Data Source(s) | Tax Records/REIN | Tax Records/REIN | Tax Records/REIN | Tax Records/REIN |
| Effective Date of Data Source(s) | 04/11/2015 | 04/11/2015 | 04/11/2015 | 04/11/2015 |

Analysis of prior sale or transfer history of the subject property and comparable sales   Per public record no sale or transfer of subject within the last 3 years, per MLS no listing of subject within the last 3 years.  Comparable #1 had a prior transfer on 07/28/2014, for $172,651. The prior transaction was a foreclosure in which the Veteran's Administration took possession of the property, and the most recent sale was an arm's length transaction, which led to the decrease that is reflected in this appraisal, and is now in line with the subject's current market value. Comparable #3 was transferred on 08/23/2014 with a Gift Deed, for an undisclosed nominal amout as recorded in document # 12351. Comparable #5 was sold on 01/06/2015 for $139,091 in a Foreclosure Deed.

Summary of Sales Comparison Approach.   Sales recited are from subject's area and are in acceptable proximity to the subject. They are the most recent and most comparable found.  No adjustment was warranted for sales/financing as all types of financing are readily available. Age adjustments are not warranted as all comparables and the subject have been built around the same time frame or have recently been renovated. GLA has been adjusted for based on extracted market data.  Variances in amenities have been adjusted for based on the opinion of the appraiser due to lack of comparable sales information for paired sales analysis. All value affecting dissimilarities were adjusted according to market reaction.  Secondary market standards for net and gross adjustment percentages were met. The indicated range of values brackets the value of the subject. 0=No adjustment could be supported.

Indicated Value by Sales Comparison Approach $ 132,000

Indicated Value by: Sales Comparison Approach $ 132,000    Cost Approach (if developed) $ 133,800    Income Approach (if developed) $ 0

Market actions of buyers and sellers are best analyzed by the Sales Comparison Approach.  That approach is given greatest weight in the reconciliation.

This appraisal is made [X] "as is", [ ] subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, [ ] subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or [ ] subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:   None.  Some photographs may be reproduced on MLS listings.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $ 132,000 as of   04/11/2015 , which is the date of inspection and the effective date of this appraisal.

First Choice Appraisal Co.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

## Uniform Residential Appraisal Report

File No. 60649258

| FEATURE | SUBJECT | COMPARABLE SALE NO. 4 | | COMPARABLE SALE NO. 5 | | COMPARABLE SALE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address | 120 KIDD BLVD NORFOLK, VA 23502-6214 | 104 Effie Avenue Norfolk, VA 23502 | | 329 Pefley Drive Norfolk, VA 23502 | | 235 Pefley Drive Norfolk, VA 23502 | |
| Proximity to Subject | | 0.06 miles NW | | 0.63 miles SW | | 0.56 miles SW | |
| Sale Price | $ | | 140,000 | | 139,000 | | 139,000 |
| Sale Price/Gross Liv. Area | $ 0.00 sq.ft. | $ 116.67 sq.ft. | | $ 107.20 sq.ft. | | $ 127.30 sq.ft. | |
| Data Source(s) | | MLS REIN #1331649;DOM 264 | | MLS REIN #1512991;DOM 17 | | MLS REIN #1507409;DOM 22 | |
| Verification Source(s) | | Tax ID#0537/0000 | | Tax ID#43375500 | | Tax ID#22289700 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment | DESCRIPTION | +(-)$ Adjustment |
| Sale or Financing Concessions | | ArmLth VA;0 | | Listing ;0 | | Listing ;0 | |
| Date of Sale/Time | | s08/14;c05/14 | | Active | | Active | |
| Location | N;WtrFr; | N;Res; | | N;WtrFr; | | N;Res; | 5,000 |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | 5,000 | Fee Simple | | Fee Simple | |
| Site | 29500 sf | 10484 sf | | 32670 sf | 0 | 10890 sf | 0 |
| View | N;Wtr; | N;Res; | 0 | N;Wtr; | | N;Res; | 0 |
| Design (Style) | DT1;Ranch | DT1;Ranch | | DT1;Ranch | | DT1;Ranch | |
| Quality of Construction | Q3 | Q3 | | Q3 | | Q3 | |
| Actual Age | 60 | 60 | | 62 | | 57 | 0 |
| Condition | C3 | C3 | | C3 | | C2 | -5,000 |
| Above Grade Room Count | Total 7 Bdrms 3 Baths 2.0 | Total 7 Bdrms 3 Baths 2.0 | | Total 6 Bdrms 3 Baths 2.0 | 3,000 | Total 6 Bdrms 2 Baths 2.0 | 0 |
| Gross Living Area | 1,217 sq.ft. | 1,200 sq.ft. | | 1,305 sq.ft. | -2,640 | 1,099 sq.ft. | 3,540 |
| Basement & Finished Rooms Below Grade | 0sf | 0sf | 510 | 0sf | | 0sf | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FWA/Gas/C/Air | BB/Radnt/C/Air | | BB/Radnt/C/Air | 0 | FWA/Gas/C/Air | |
| Energy Efficient Items | None | None | | None | | None | |
| Garage/Carport | 2dw | 1ga2dw | | 1ga2dw | | None | |
| Porch/Patio/Deck | Porch/Deck | Porch | -5,500 | PorchyPatio | -5,500 | 1ga2dw | -5,500 |
| Fireplaces | 0 F/P | 0 F/P | 2,500 | 1 F/P | 1,500 | Porch | 2,500 |
| Fence/Shed/Pool | 2 Sheds | Shed | -500 | None | -500 | 1 F/P | -500 |
| Misc. Upgrades | Typical | Typical | 0 | None | 0 | None | 0 |
| | | | | Typical | | Kitchen/Baths | -5,000 |
| Net Adjustment (Total) | | [X]+ [ ]- $ | 5,510 | [ ]+ [X]- $ | 7,140 | [ ]+ [X]- $ | 4,980 |
| Adjusted Sale Price of Comparables | | Net Adj. 3.9% Gross Adj. 11.8% $ | 145,510 | Net Adj. -5.1% Gross Adj. 7.2% $ | 132,760 | Net Adj. -3.5% Gross Adj. 19.3% $ | 134,940 |

| ITEM | SUBJECT | COMPARABLE SALE NO. 4 | COMPARABLE SALE NO. 5 | COMPARABLE SALE NO. 6 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | | | | 01/00/2015 |
| Price of Prior Sale/Transfer | | | | $139,091 |
| Data Source(s) | Tax Records/REIN | Tax Records/REIN | Tax Records/REIN | Tax Records/REIN |
| Effective Date of Data Source(s) | 04/11/2015 | 04/11/2015 | 04/11/2015 | 04/11/2015 |

Summary of Sales Comparison Approach  Active listings have been provided to further support the final reconciliation of value.

37 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



KIDD BOULEVARD

Physical Survey
Of
LOT 3, BLOCK A, RIVER FORREST SHORES
Norfolk, Virginia
For
PAUL R. DAVIS, JR. & PATRICIA ANN DAVIS

BUILDING ELEVATION INFORMATION
FLOOR ELEVATION AT FRONT ENTR. = 12.29   GARAGE FLOOR ELEV. = N/A   LOWEST GRADE ADJACENT TO BLDG. = 10.2

NOTES :

1) THIS SURVEY WAS PERFORMED WITHOUT THE BENEFIT OF A TITLE REPORT AND MAY NOT SHOW ANY / ALL EASEMENTS OR RESTRICTIONS THAT MAY AFFECT SAID PROPERTY AS SHOWN.

2) LEE S. ROOD, P.C. IS NOT A PARTY IN DETERMINING THE REQUIREMENTS FOR FLOOD INSURANCE ON THE PROPERTY SHOWN HEREON. THIS SURVEY ONLY DOES NOT APPLY THAT THIS PROPERTY WILL OR WILL NOT BE SUBJECT TO FLOODING. FOR FURTHER INFORMATION, CONTACT THE LOCAL COMMUNITY FLOOD OFFICIAL.

3) ELEVATIONS SHOWN HEREON REFER TO N.G.V.D. OF 1929.

LEE S. ROOD, P.C.
Land Surveyors
5737 BARTEE STREET
NORFOLK, VIRGINIA 23502
Ph. (757) 466-1111

NOTE:
AS SHOWN ON THE FLOOD INSURANCE RATE MAP, THIS PROPERTY APPEARS TO FALL IN :

FLOOD ZONE (S)   "A4" "B" "C"
COMMUNITY NO.   510104
PANEL NO.   4D   DATED:   4/17/84
BASE FLOOD ELEVATION =   8.5

SCALE: 1"=30'   DATE: 6/2/99   REFERENCE : NORFOLK M.B.32, PG.5,6   F.B. T-39 Pg. 35A

51,091-99   F.B.745, PG.57

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



THIS IS TO CERTIFY THAT I ON                JUNE 2, 1999        SURVEYED THE PROPERTY SHOWN
ON THIS PLAT AND THAT THE TITLE LINES AND THE WALLS OF THE BUILDINGS ARE SHOWN ON THIS PLAT.
THE BUILDINGS STAND STRICTLY WITHIN THE TITLE LINES AND THERE ARE NO ENCROACHMENTS OF
OTHER BUILDINGS ON THE PROPERTY EXCEPT AS SHOWN.

SIGNED :

Approx. Edge Of Marsh
@ Time Of Survey

ARTHUR L. ROOD
No 1543
6/2/99
LAND SURVEYOR

S30°42'40"W      80.00'

Nall Found                                Pin Found

Fr. Shed
10.2'x10.2'

Unlabeled Line As
Scaled From Recorded
Plat

Fr. Shed
12.2'x12.2'

ZONE "A4"

ZONE "B"

Approx. Flood Zone Line
As Scaled From F.I.R.M.

Wood Deck

CURLEW DRIVE

Sty. Fr.
#120

ZONE "C"

R=10'

Pin Found

406.31'                N30°42'40"E        80.00'

Pin Found

KIDD     BOULEVARD

Physical Survey
Of
LOT 3, BLOCK A, RIVER FORREST SHORES
Norfolk, Virginia
For
PAUL R. DAVIS, JR. & PATRICIA ANN DAVIS

BUILDING ELEVATION INFORMATION
FLOOR ELEVATION AT FRONT ENTR. =  12.29    GARAGE FLOOR ELEV. =  N/A    LOWEST GRADE ADJACENT TO BLDG. =  10.2

NOTES :
1) THIS SURVEY WAS PERFORMED WITHOUT THE BENEFIT
OF A TITLE REPORT AND MAY NOT SHOW ANY / ALL
EASEMENTS OR RESTRICTIONS THAT MAY AFFECT SAID
PROPERTY AS SHOWN.
2) LEE S. ROOD, P.C. IS NOT A PARTY IN DETERMINING
THE DESIGNATED

LEE S. ROOD, P.C.
Land Surveyor

NOTE:
AS SHOWN ON THE FLOOD INSURANCE RATE
MAP, THIS PROPERTY APPEARS TO FALL IN

39 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

In each of the above appraisals the Davis's were seeking their reasonably backed financial expectations when in each application for a loan now after seeing the title search we figured it out being that the City of Norfolk left off the deed.

13. To find out why they have been receiving turn downs the Davis's sought legal advice to get a title search of their own property because they were being denied their financial expectations to the property to find that the title expert notates that the City of Norfolk and I quote " The Norfolk Assessor and Treasurers's records erroneously reflect ownership of the land between lot 3 and center of Mill Creek as Brock Farms Realty, Inc"

14. In The Title Search listed below it also revealed that all of the Government actions and private 'to ascertain funds were against a Judges orders as well as a Deed of Correction that The City of Virginia Beach where 120 Kidd Blvd. was originally located at the

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

investment of the property. Deed of Correction.



BOOK 471 PAGE 477

McGINNIS INDUSTRIAL CENTER,
INCORPORATED

to

HUGO E. SELLGER, et ux
A. EDNA SELLGER, et vir
with rights of survivorship

DEED OF CORRECTION

8474

THIS DEED OF CORRECTION, Made this the 1st day of October, 1956, between McGINNIS INDUSTRIAL CENTER, INCORPORATED, a corporation duly organized and existing under and by virtue of the laws of the State of Virginia, party of the first part, and HUGO E. SELLGER and A. EDNA SELLGER, husband and wife, parties of the second part.

WITNESSETH:

THAT WHEREAS, by deed dated December 17, 1954, and duly of record in the Clerk's Office of the Circuit Court of Princess Anne County, Virginia, in Deed Book 400, at Page 57, the said party of the first part did grant and convey unto the parties of the second part certain lots, pieces or parcels of land in Kempsville Magisterial District, Princess Anne County, Virginia, as shown on the plat entitled "Subdivision of part of McGinnis Tract, River Forrest Shores, Princess Anne County, Virginia", the said lots therein conveyed being specifically designated in said deed; and

WHEREAS, it was the intention of the parties that the said deed should convey to the said parties of the second part all riparian rights appertaining to said lots, but such intention was not specifically set forth in said deed, and the parties hereto now desire to correct said deed of December 17, 1954.

NOW, THEREFORE, in consideration of the premises and of ONE ($1.00) DOLLAR, cash in hand paid by the parties of the second part, to the party of the first part, the receipt whereof is hereby acknowledged, the said McGINNIS INDUSTRIAL CENTER, INCORPORATED, a Virginia corporation, party of the first part, doth grant and convey unto HUGO E. SELLGER and A. EDNA SELLGER, husband and wife, as tenants by the entireties with the right of survivorship, as at common law, parties of the second part, all the right, title, and interest of the said party of the first part in and to all riparian rights appertaining to the following described property, to-wit:

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



BOOK 471 PAGE 478

All those certain lots, pieces or parcels of land, situated in the County of Princess Anne, Virginia, Kempsville Magisterial District, known and numbered as Lots One (1) through Seven (7), both inclusive, and Lots Nine (9) and Ten (10), Lots Twenty-five (25) through Twenty-seven (27), both inclusive, Lots Thirty-four (34) and Thirty-five (35), Thirty-eight (38), Forty-three (43), Forty-four (44), Forty-six (46) through Forty-nine (49), both inclusive, and Parcel "A", all of which are in Block A of Section 1, and Lots Two (2), Five (5) through Nine (9), both inclusive, in Block J of Section 1, as shown on the plat of "Subdivision of part of McGinnis Tract, River Forrest Shores, Princess Anne County, Virginia", made by Philip D. Freeman, C.E., dated June, 1952, which plat is duly of record in the Clerk's Office of the Circuit Court of Princess Anne County, Virginia, in Map Book 32, at Page 6; reference to said plat is hereby made for a more particular description of the said property; together with all the interest, if any, of the above grantor in and to the land, if any, between the aforesaid lots and the high water mark of the water upon which the aforesaid lots front.

IN WITNESS WHEREOF, McGINNIS INDUSTRIAL CENTER, INCORPORATED, has caused this instrument to be executed in its corporate name by its officers duly authorized and its corporate seal to be hereunto duly affixed and attested by its Secretary, all the day, month and year first hereinabove written:

McGINNIS INDUSTRIAL CENTER, INCORPORATED

By _____
Vice-President

_____
Secretary

15. ——————————————————————————

42 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



BOOK 471 PAGE 479

STATE OF VIRGINIA,
CITY OF NORFOLK, to-wit:

I, Donna F. Smith , a Notary Public in and for the
City of Norfolk, in the State of Virginia, do certify that HUGO E. SKELGER and
MARY B. MARTIN, Vice-President and Secretary, respectively, of McGINNIS
INDUSTRIAL CENTER, INCORPORATED, whose names as such are signed to the writing
above, bearing date the 1st day of October, 1956, have acknowledged the same
before me, in my City and State aforesaid.

My commission expires April 17, 1960.

GIVEN under my hand this the 4th day of October, 1956.

_____
Notary Public

VIRGINIA:
In the Clerk's Office of the Circuit Court of Princess Anne County, on the ___
day of _____ 19__ at _____ M., this Deed was received and
upon the certificate of acknowledgment thereto annexed, admitted to record.
TESTE: JOHN V. FENTRESS, Clerk
By _____ D. C.

Kellam & Kellam
10-12-56

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

The Family then referred to look at all of the appraisals they did when attempting to access their equity just before the interstate project begins, once receiving the title search in hindsight reviewing the appraisals metes and bound to the lot, only to find they had been defrauded as their property reads in appraisals to be only 80" X 160". Leaving off riparian rights as well as land of an acre. With the land equity turndowns, false appraisals, erroneous records in city , title search that shows fraud occurring, two letters of liability one from the City of Norfolk Attorney Bernard Phischo, one from the City Tax Assessors Alex Pincus. We Pray for relief to the Honorable US Federal Court to seek remedy for the 27 years and ongoing of a taking of over ¾ of an acre with riparian rights , the taking before that in 1966 . The fraud led to felony attempted murder by VDOT workers , criminal threats to life on property, theft of timber damages as well as constitutional , punitive, and pain and suffering damages. The government entities when voting in a planning commission held an extreme level of dismay for the law as we have been to City of Norfolk Formal city Council meetings where they also admitted on camera to have made a mistake on TV.

**List of Federal treaties, laws, statutes under which violations occurred during the project**

23 U.S. Code § 107 acquisition of rights of way

23 U.S. Code § 101 declaration of policy

23 U.S. Code § 402 Highway safety programs

23 U.S. Code §156 proceeds from the sale or lease of real property

18 U.S. Code § 242 - Deprivation of rights under color of law

§ 18.2-108.01 Larceny with intent to sell or distribute

§ 18.2-33 felony murder (14 victims)

§ 18.2-119 Trespassing after being forbidden to do so

44 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

§ 18.2-60 Threats of bodily injury to a person

§ 18.2-26  Attempted felony murder 2/19/2019

§ 18.2-178 Obtaining money or signature by false pretenses

§ 18.2-168 Forging public records

§ 18.2-171 Making or having anything designed for forging in writing etc.

§ 18.2-172 Forging, uttering etc, other writings

§ 18 usc 2331 Domestic Terrorism

§ 18.2-46.5 Committing, conspiring and aiding and abetting acts of terrorism prohibited; penalty

§ 18.2-111 Embezzlement; deemed larceny; indictment

§ 18.2-112 Embezzlement by officers, etc., of public or other funds; default in paying over funds evidence of guilt.

§ 18.2-112.1. Misuse of public assets; penalty.

§ 18.2-115. Fraudulent conversion or removal of property subject to lien or title to which is in another.

§ 18.2-118. Fraudulent conversion or removal of leased personal property.

§ 18.2-120. Instigating, etc., such trespass by others; preventing service to persons not forbidden to trespass.

§ 18.2-121. Entering property of another for purpose of damaging it, etc

§ 18.2-133. Refusal of person on land, etc., of another to identify himself.

§ 18.2-140. Destruction of trees, shrubs, etc.

§ 55.1-2838. Larceny of timber; penalty.

§ 18.2-143. Pulling down fences or leaving open gates.

§ 18.2-152.3. Computer fraud; penalty.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

§ 55.1-602. Presumption that recorded writings are in proper form.

§ 55.1-609. Correcting errors in deeds, deeds of trust, and mortgages; affidavit.

§ 55.1-612. Acknowledgment within the United States or its dependencies.

§ 18.2-186. False statements to obtain property or credit.

§ 6.2-1629. Prohibited practices; authority of the Attorney General.

§ 2.2-3103. Prohibited conduct.

§ 18.2-422 - Prohibition of wearing of masks in certain places; exceptions

Categorical Exclusionary regulations NEPA National Environmental Protection Agency (40 CFR 1508.4)

-Nemo Dat rule - cannot sell what you do not own

-Violation of the 5th and 14th constitutional rights to all those that had property taken and the US government that was defrauded by the commonwealth of virginia without due process and just compensation.

**Statement of Claim/ Defendant**
Virginia Dept. of Transportation / Virginia Dept. of Highways

This claim to the Eastern District Federal court we ask that §8.01-229 rule of tolling division of the statute of limitations arriving under exception of death and disabilities act as Paul R. Davis, one of the damaged plaintiffs to the Estate passes away May 13, 2020 dies victim of felony crime  on the crime scene 120 Kidd Blvd Norfolk VA 23502.
We also ask that using Discovery Rule

16. The Commonwealth of Virginia , then under Virginia Dept. of Highways now known as Virginia Dept of Transportation.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

17. The Davis's of 120 Kidd Blvd. Owned the private waterfront property prior to the building of the interstate.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

18. The Dept of Highway in 1966 made a contract between Paul R. Davis, Ruth E. Davis to grant usage for .016 of an acre for $20.00 1966 is the initial building of the I64-I264

1057-315

315

VIRGINIA:

In the Clerk's Office of the Corporation Court of the City of Norfolk, on the 17th day of June 1966 at 3:30 P.M.

This Deed was this day received and upon certificate of acknowledgment, thereto annexed, admitted to record.

TESTE: W. L. PRIEUR, Jr., Clerk

By [signature] D.C.

Delivered to

5396

**This Deed,** Made this 10th day of April, 19 66, by and between Paul R. Davis, Sr. and Ruth E. Davis, his wife

hereinafter designated as Grantor (even though more than one), and the COMMONWEALTH OF VIRGINIA, Grantee:

**Witnesseth:** In consideration of the sum of $ 20.00 paid by the grantee to the grantor, receipt of which is hereby acknowledged, the said grantor hereby grants and conveys unto said grantee in fee simple, with general warranty, the land located in ______ Magisterial District, in the City of Norfolk County, and described as follows:

State Hwy Plat Book No. 4 Page 274

Being as shown on Sheet 501-7 of the plans to be used for Route 64, State Highway Project 0064-122-103, R/W 201, and lying on the west (right) side of the centerline of proposed Route 64, and adjacent to the south property line of Eugenia W. Copes from the lands of Eugenia W. Copes opposite approximate Station 656+12 to the lands of the landowner opposite approximate Station 656+50 and containing 0.016 acre, more or less, land.

Following is the metes and bounds description of the subject property: Beginning at a point said point being 188.16 on the right of and at right angles to Station 656+26.09 (Centerline proposed Route 64) said point being 553.98' south of existing south right of way line of Curlew Drive. From the point thus established and running N 3° 48' 19" W an approximate distance of 17'; thence in a southeasterly direction a distance of approximately 56' to a point; said point being mean low water mark of Mill Creek. Thence in a southerly direction along the mean low water mark of Mill Creek, a distance of approximately 10' to a point; thence running N 63° 29' 06" W, a distance of approximately 47' to the point of beginning, and being a part of the same land acquired by the grantor from William R. Pefley and Dorothy E. Pefley by deed dated June 24, 1957, and recorded in Deed Book 453, Page 490, in the office of the Clerk of the Corporation Court of the City of Norfolk.

For a more particular description of the land herein conveyed, reference is made to photo copy of said Sheet 501-7, showing outlined in RED the land conveyed in fee simple, which photo copy is hereto attached as a part of this conveyance and recorded simultaneously herewith in the State Highway Plat Book.

*The said grantor covenants that he is seized of the land in fee simple herein conveyed; that he has the right to convey the said land to the grantee; that he has done no act to encumber the said land; that the grantee shall have quiet possession of the land, free from all encumbrances, and that he will execute such further assurances of the said land as may be requisite.*

*The said grantor covenants and agrees for himself, his heirs, successors and assigns, that the consideration hereinabove mentioned and paid to him shall be in lieu of any and all claims to compensation for land, and for damages, if any, to the remaining lands of the grantor which may result by reason of the use to which the grantee will put the land to be conveyed, including such drainage facilities as may be necessary.*

*WITNESS the following signatures and seals:*

Paul R. Davis Sr. [SEAL]

Ruth E. Davis [Seal]

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

On 7/9/07 Virginia Department of Transportation led by Governor Tim Kaine and Senator of Finance Jody Wagner filed as well as the Secretary of Finance filed false documents to US DOT defrauding both USDOT and Private residence Davis family of funds violating 18§. 371.

9 Commonwealth of Virginia citizens died during their felony crimes which includes Felony theft of property. 9 Felony Murder victims enabled under §18.2-33 victim of felony crime dies on crime scene on or at hospital while having felony murder perpetrated on them means they die of Virginia state code Felony Murder. The illegal bad faith actions taken by the defendants and members of the defendants' led to the following actual damages including the attempted felony murder of Paul Davis, Pro Se plaintiff who was threatened the day of February 19, 2019 and his wife Marrena by members sent by VDOT workers. Paul Davis died after being told by VDOT workers , working for Virginia Department of Transportation that day the workers we found wearing full black ski masks violating Virginia mask law as this was pre pandemic 18.2-422

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

telling our family they would show us bullets if we didn't get off of what the city , state claimed

,VDOT land that day.

 of GIS

maps which reflects erroneous treasury records that shows when according to the property deed

we were standing on our private land at 120 Kidd Blvd. Norfolk VA 23502. We have attained a

Title Search to show the entities' defrauding records led us to damages.

  The following defendants together planned in a planning commission or went along with to

delegate for their own use and devise all of the following changing of the maps, valuation of real

property in devaluing property claiming riparian rights taking ¾ of an land giving value to

private real estate corporation Brock Farms Realty Inc. listed in the state corporate commission

address which is actually a City of Norfolk Pumping station 453 Pleasant Point Drive, Norfolk

Virginia as it's mailing address pumping station for the City of Norfolk pumping station see

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

image here.



The City of Norfolk when questioned at Formal City Council meeting claim they have no stake in the project or the property being used in the application and for the I64/I264 improvement project.  The City of Norfolk posted a sign at the entry of the land is a sign on 330 Peace Haven, Norfolk VA That claims the parcel being used for the federal application claims to be a City of Norfolk Public Utilities Easement.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



The City Manager of 1996 James B. Oliver writes and publishes this article 1996- article written

by City of Norfolk City Manager

https://books.google.com/books?hl=en&lr=&id=3CgM6BZ43IQC&oi=fnd&pg=PA131&dq=info:61

HWfuZgMakJ:scholar.google.com/&ots=DolOMI5kKh&sig=SESMeQhRkwZ9nuIAsTkTlXBp6Hc#

v=onepage&q=131&f=false to describe and go into detail the intent behind the what they refer to

as Regional Cooperation where private and public sectors come together to better qualify for

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

funding from federal resources, the article excerpt see here

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

business and citizen representatives. The new regional partnerships are provided incentives to begin regional strategic planning programs keyed to local government regional action, and to collaborative intersectoral decision making. To be eligible for continued state funding, partnerships must develop benchmarks of economic competitiveness on a standard set of indicators (specified in the enabling legislation), and must issue "report cards" on their progress toward their objectives. The legislation has a single leading goal — to encourage and support as state policy the formation of regional partnerships building trust and a constituency for positive regional action among neighboring local governments and nongovernmental participants.

## What's in the Regional Competitiveness Act?

Virginia's new statute[3] enables and provides state funding for the creation of partnerships of local governments and private sector actors to promote and conduct regional activities. The statute brings together traditional concerns with economic development and job creation with public policy rewarding functional regionalism of local public services. The act provides financial incentives which may be used to guide or support voluntary regional approaches to economic development, education, transportation, human services, land use controls, housing, and other services, and to interjurisdictional revenue sharing.

The new statute goes beyond conventional state and local government support for economic development. It is based on the idea that economic competitiveness is a regional phenomenon; that an individual local government's competitiveness is a function of the overall economic and social well-being of the region of which it is part, and that the economic performance of even

large suburban localities, when compared to peer communities in other metropolitan regions, is linked to the economic health of its own region including its central city. The statute is based on the idea that regions, not localities, compete and that it is in the self interest of each locality in a metropolitan region to take steps to improve the economic and social conditions in all localities in the region. Voluntary movement toward regional provision of public services is proposed in the act as an important step toward reducing interjurisdictional competition and increasing regional competitiveness. Regional economic performance is the measure. The statute is also policy acknowledgment that the state is ultimately affected if regions in Virginia grow more slowly than regions in other states, especially southeastern states. Adoption of the act added the state as an interested party to this unique policy partnership concept that included localities, private business leadership, and now the state.

The new statute enables parties their own regional boundaries, their own community of interest. Existing planning district boundaries (Virginia's equivalent of Council Of Government [COG] or state planning district boundaries) are initially accepted as defining regions; but additional local governments may by agreement be added to the region, and may, with the approval of the state agency charged with implementing the legislation, establish a different regional configuration[4] not employed as predetermined regional boundaries. Thus regions can define their own boundaries, an important element of regional governance.

The act requires qualifying regional partnerships to benchmark their competitiveness using indicators of the long-term economic health of regions, not of short-term measures. Under the statute, regional partnerships must regularly compare their region with competitor regions in other

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

The article has since been taken down for public viewers on Google as well as pages removed from the hyperlink of the intent and Regional Cooperativeness Act.

The planning commissions of the city and state changing of the name of the creek VDOT as per records indicate in the year of 1996 , The City of Norfolk The City Manager phonied up the GIS map system, The United States Geological Survey was changed with a data entry which defrauded private property owners as well as USDOT and all those whom would further seek to find the name of the Creek.



See exhibit In 1996 The entry states to change the name of the deeded creek from Mill Creek which all original deeds and highway projects all refer to the Creek, as Mill Creek. The Davis's had no knowledge of a creek change. Just recently discovering the creek name change when no one had been notified of the change led us to look further back to the first original project which

57 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

found more actions defrauding the Davis's, harming the estate. This property has been here since

before the interstate. The Davis family originally claims the land in deed 1957

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

L 3

BOOK 501 PAGE 396

WILLIAM R. PEFLEY, ET UX
TO ( B. & S.
PAUL R. DAVIS, ET UX TAX $19.95 4974

THIS DEED, Made this 24th day of June, 1957, between WILLIAM R. PEFLEY and DOROTHY E. PEFLEY, his wife, parties of the first part, and PAUL R. DAVIS and RUTH E. DAVIS, husband and wife, parties of the second part.

WITNESSETH: That for and in consideration of the sum of Ten Dollars ($10.00) cash in hand paid and other good and valuable considerations, the receipt whereof is hereby acknowledged, the said parties of the first part do hereby grant and convey, with general warranty, unto the said parties of the second part, as tenants by the entireties with the right of survivorship as at common law, the following property, to-wit:

All that certain lot, piece or parcel of land and all of the property and riparian and other rights in and to the property extending beyond Lot 3 unto the center of Mill Creek, as described in the deed of Benjamin T. Backus et ux, to the McGinnis Industrial Center, Incorporated, dated May 20th, 1949, and recorded in the Clerk's Office of the Circuit Court of Princess Anne County, Virginia, in Deed Book 263, at page 459, situated in the County of Princess Anne, Virginia, Kempsville Magisterial District, known and numbered as LOT THREE (3), in BLOCK A of Section 1, as shown on the plat of "Subdivision of part of McGinnis Tract, River Forrest Shores, Princess Anne County, Virginia", made by Philip D. Freeman, C.E., dated June, 1952, which plat is duly of record in the aforesaid Clerk's Office in Map Book 32, at page 6, reference to which is hereby made for a more particular description of the said property.

It being the same property conveyed to the said William R. Pefley by deed of Hugo E. Seliger and A. Edna Seliger, dated June 26, 1956, and duly recorded in said Clerk's Office in Deed Book 419, at page 490.

This conveyance is made subject to the conditions, restrictions, easements and reservations of record, if any, affecting the aforesaid property and constituting constructive notice.

The said parties of the first part covenant that they have the right to convey the said property to the grantees; that the said grantees shall have quiet and peaceable possession of said property, free from all encumbrances; that they, the said parties of the first part, have done no act to encumber the said property; and that they, the said parties of the first part, will execute such further assurances of the said property as may be requisite.

Witness the following signatures and seals:

William R Pefley (SEAL)
William R. Pefley

Dorothy E. Pefley (SEAL)
Dorothy E. Pefley

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



BOOK 501 PAGE 397

STATE OF VIRGINIA

CITY OF NORFOLK, to-wit:

I, John B. Jones, a Notary Public in and for the City and State aforesaid, whose notarial commission expires on the 20th day of September, 19 60 , do hereby certify that William R. Pefley and Dorothy E. Pefley, whose names are signed to the writing above bearing date on the 24th day of June, 1957, have acknowledged the same before me in my City and State aforesaid.

Given under my hand this 24th day of June, 1957a.

Notary Public

VIRGINIA:
    In the Clerk's Office of the Circuit Court of Princess Anne County, on the 2 th day of June 1957 at 9:40 M., this Deed was received and upon the certificate of acknowledgment thereto annexed, admitted to record.

TESTE: JOHN V. FENTRESS, Clerk

By Mary E. Brigdell D. C.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

This estate Paul R Davis of 120 Kidd Blvd. are original grantors to VDOT. The actions violated the estate rights, defrauding the Davis's and devaluing their family private estate to the investors initial reasonably backed financial expectations. When the following factual allegations are brought to this court, the abrogation of the 11th amendment incites by reason of the violations against the 5th and 14th constitutional amendments. The plaintiff states the following: The estate of 120 Kidd Blvd. Norfolk, VA 23502, original grantors the late, Paul R. Davis Sr. Ruth E. Davis brought this statement of claim to raise the following issue to the honorable federal court. The private property, 120 Kidd Blvd. Norfolk, VA 23502 had private property taken for public use without due process or just compensation. The following federal statutes, treaties & or provisions of the United States Constitution that are at issue in this case are as follows. Attached, the violation of the 5th , 14th constitutional amendments where private property was taken without due process or just compensation. Fitzpatrick Vs. Bitzer where the 11th amendment became abrogated when the 5th and 14th violated there is no sovereign Immunity. Upon false pretenses VDOT files a federal financial application to USDOT for approval as well as NEPA National Environmental Protection Agency. EIS 42 USC §4332.40 CFR §1508.4 etc as listed in the programmatic agreement states ,The NEPA is required to serve as an oversight for the Categorical Exclusionary (CE) project, according to the Federal Highway Administration (FHWA) if The Project does not follow the requirements as per 40 CFR §1508 the Federal Agency would require an Environmental Impact Study (EIS) for an action when Environmental Impact studies which are very timely, costly and could jeopardize project approval. If any of the previous grantors have a complaint, the project which is supposed to match the prior application and design workings with relation to easements, land usage, grantors and would be of reference an original project. When the planning commisions decide this project and according to  23 §107

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

the Attorney General, Governor and Secretary of Transportation is strategizing to achieve the

project funding and approval pathways the entities must comply with all Virginia and Federal

laws to perform property agreements project according to 23 USC  §156 for property previously

acquired with Federal - aid participation. These are the following laws including cover page of

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

the programmatic agreement

## PROGRAMMATIC AGREEMENT

### BETWEEN THE FEDERAL HIGHWAY ADMINSTRATION, VIRGINIA DIVISION AND THE VIRGINIA DEPARTMENT OF TRANSPORTATION REGARDING THE PROCESSING OF ACTIONS CLASSIFIED AS CATEGORICAL EXCLUSIONS FOR FEDERAL-AID HIGHWAY PROJECTS

This **PROGRAMMATIC AGREEMENT** ("Agreement") made and entered into this day of October, 2017, by and between the **FEDERAL HIGHWAY ADMINISTRATION, UNITED STATES DEPARTMENT OF TRANSPORTATION** ("FHWA") and the **VIRGINIA DEPARTMENT OF TRANSPORTATION** ("VDOT") hereby provides as follows:

### WITNESSETH:

Whereas, the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. §4321 *et. seq.*, and the Regulations for Implementing the Procedural Provisions of NEPA (40 CFR §1500-1508) direct Federal agencies to consider the environmental impacts of their proposed major Federal actions through the preparation of an environmental assessment (EA) or environmental impact statement (EIS) unless a particular action is categorically excluded;

Whereas, FHWA's distribution and spending of Federal funds under the Federal-aid Highway Program and approval of projects pursuant to Title 23 of the U.S. Code are major Federal actions subject to NEPA;

Whereas, the Secretary of Transportation has delegated to FHWA the authority to carry out functions of the Secretary under NEPA as they relate to matters within FHWA's primary responsibilities (49 CFR §1.81(a)(5));

Whereas, FHWA's NEPA implementing procedures (23 CFR §771) list a number of categorical exclusions (CE) for certain actions that FHWA has determined do not individually or cumulatively have a significant effect on the human environment and therefore do not require the preparation of an EA or EIS (23 CFR §771.117(c)-(d));

Whereas, VDOT is a State agency that undertakes transportation projects using Federal funding received under the Federal-aid Highway Program and assists FHWA in fulfilling its obligations under NEPA for projects requiring an FHWA action (23 CFR §771.109);

Whereas, Section 1318(d) of the Moving Ahead for Progress in the 21st Century Act (MAP-21), Pub. L. 112-141, 126 Stat. 405 (July 6, 2012), allows FHWA to enter into programmatic agreements with the States that establish efficient administrative procedures for carrying out environmental and other required project reviews, including agreements that allow a State to determine whether a project qualifies for a CE on behalf of FHWA;

Whereas, FHWA developed regulations implementing the authorities in Section 1318(d), effective November 6, 2014 (23 CFR §771.117(g));

Whereas, as defined in FHWA's *A Practitioner's Guide to FHWA Programmatic Agreements for Categorical Exclusions*, the CE decision is a determination that the proposed project would not individually or cumulatively have a significant environmental impact and the project fits in the category of projects not requiring the preparation of an EA or EIS;

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

### Appendix C: VDOT CE Determination Qualifying Thresholds

If any of the conditions listed below are true, the project *does not* qualify for a VDOT CE determination and would require a NEPA approval from FHWA.

1. Involves acquisition of more than minor amounts of temporary or permanent right of way acquisition. Considerations for whether the amount of acquisition qualifies as minor include, but are not limited to, the context and intensity of the impact, the size of the parcel, and the effect on the parcel's function;
2. Involves acquisitions that result in more than limited residential and non-residential displacements, considering the context and intensity of the impact;
3. Results in capacity expansion of a roadway by addition of through lanes;
4. Involves the construction of temporary access, or the closure of an existing road, bridge, or ramps, that would result in major traffic disruptions. Considerations for whether the traffic disruptions qualify as major include, but are not limited to, the context and intensity of the impact, the amount of travel delay, the time during which the facility is closed, the amount of traffic volume utilizing the facility, and the distance of the detour route;
5. Results in a determination of adverse effect on historic properties pursuant to Section 106 of the National Historic Preservation Act (54 U.S.C. §306108);
6. Requires the use of properties protected by Section 4(f) (49 U.S.C. § 303/23 U.S.C. §138) that cannot be documented with an FHWA *de minimis* determination or a programmatic Section 4(f) evaluation signed by FHWA;
7. Requires the acquisition of lands under the protection of Section 6(f) of the Land and Water Conservation Act of 1965 (54 U.S.C. §200305) or other unique areas or special lands that were acquired in fee or easement with federal public-use-money and have deed restrictions or covenants on the property;
8. Requires a U.S. Army Corps of Engineers Section 404 (33 U.S.C. §1344) permit other than a Nationwide or a General Permit;
9. Requires a U.S. Coast Guard bridge permit (33 U.S.C. §401);
10. Requires work that will cause an increase of the flood level by more than one foot within a regulatory floodway of water courses or water bodies, or work affecting the base floodplain (100-year flood) elevations of a water course or lake, pursuant to 23 CFR §650 subpart A;
11. Is defined as a "Type I project" per 23 CFR §772.5 and the VDOT noise manual for purposes of a noise analysis;
12. Is likely to adversely affect federally listed species or designated critical habitat, with the exception of a "may affect, likely to adversely affect" (MALAA) determination for the Northern Long-Eared Bat or Indiana Bat when the project is within the scope of the Section 7 range-wide programmatic consultation for those species;
13. Involves any known or potential hazardous materials issues that represent a substantial liability or require substantial regulatory negotiation to resolve. Sites representing substantial liability would not include minor issues such as low-level petroleum impacts or minimal solid waste;
14. Does not meet the provisions of the "Planning Documents and NEPA Approvals" document. In accordance with 23 CFR §450 and the agreement among FHWA, VDOT, the Federal Transit Administration, and the Virginia Department of Rail and Public Transportation, actions listed in 23 CFR §771.117(c) and 23 CFR §771.117(d) may be grouped;
15. Causes disproportionately high and adverse effects on any minority or low-income populations;
16. Involves consideration of multiple NEPA alternatives under consideration;
17. Is an action listed in 23 CFR §771.115(a); or
18. Involves unusual circumstances, pursuant to 23 CFR §771.117(b).

The project and entities must mitigate with any previous grantors immediately upon notice of such violations, claims or disputes. The applicant applying for the Categorical Exclusion Document must submit documentation that demonstrates that the specific conditions or criteria are satisfied

64 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

and that significant environmental effects will not result.  As quoted per §771.117 Federal Highway Administration FHWA "categorical exclusions (a) CEs are actions that meet the definition contained in 40 CFR §1508.4 and, based on FHWA's past experience with similar actions, do not involve significant environmental impacts. They are actions that Do not induce significant impacts to planned growth or land use for the area, no not require the relocation of significant numbers of people; do not have a significant impact on any natural, cultural, recreational, historical, or other resource; do not involve significant impacts on travel patterns; or do not otherwise, either individually or cumulatively, have any significant environmental impacts.  According to the  NEPA §1508.7 Cumulative Impacts is the impact on the environment which results from the incremental impact of the action when added to other past, present, and reasonably foreseeable future actions regardless of what agency (federal or non-federal) or person undertakes such other actions. Cumulative impacts can result from individually minor but collectively significant actions taking place over a period of time. §1508.8 Effects are Direct which are caused by the action, these direct effects are active and ongoing and occur at the time and place of the project. Effects and impacts are synonymous  Indirect effects, economic impact by zoning, economic , social , health, historical, cultural. whether direct, indirect or cumulative.  On December 9th 2014 VDOT, Hampton Roads Transportation Accountability Commission (HRTAC), Federal Highway Administration (FHWA) and "project consultants" attended a Risk & Reward Survey pointing out risks to the project and possible cumulative impacts. The highest adverse effect, risk area was a score of 18 reading as they failed to acquire enough property noted as (Risk 3.01) by Curlew Dr. which would be the parcel

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

regarding to our estate of 120 Kidd Blvd. Norfolk VA 23502. See excerpt

# I-64/264 Interchange Project

## Summary Risk Workshop Report

December 9, 2014

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

## Risks

During the workshop, the following forty-five (45) items were identified as risks, and were generally grouped into the categories of: (a) Design (Roadway, Bridge, and Structures); (b) Drainage; (c) ROW and Utilities; (d) Environmental; (e) Geotechnical; (f) Construction; (h) Stakeholder Coordination; (i) Public Relations; and (j) Programmatic.

Table 1: Risk Summary

| Design (Roadway, Bridge & Structures) | • Ramp D-7<br>• South of Curlew Drive<br>• Greenwich Overpass<br>• Pavement design<br>• Cross-slope of existing mainline<br>• Accuracy of survey information<br>• Designing and specifying the ITS |
| --- | --- |
| Drainage | • SWM design may be impacted by new regulations<br>• Culvert at I-64 and Curlew Drive |
| ROW and Utilities | • Potential need to acquire additional property<br>• Obtaining approval for Type III Certification<br>• Ability to manage ROW and utility relocation process within times required by current project schedule<br>• Quality of plan sheets<br>• Effect of weather on ability of private utility companies to perform relocations<br>• Dominion Virginia Power<br>• Private utility company relocations generally<br>• Challenges with specific properties |
| Environmental | • Requirement for an Environmental Assessment ("EA")<br>• Wetland Re-Delineations<br>• Ramp D-7 permitting |
| Geotechnical | • Overall soil quality<br>• Deep foundations<br>• Geotechnical conditions south of Curlew Drive |

67 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

| Risk No. | Risk Category | Risk Description | Probability | Cost Impact | Schedule Impact | Comments/Notes | Mitigation Strategies |
|---|---|---|---|---|---|---|---|
| 3.01 | ROW and Utilities | Potential need to acquire additional property | 3 | 3 | 3 | A number of factors could result in the need to acquire additional property, including: (a) design changes and refinement; (b) SWM and drainage requirements; and (c) permit requirements. If this occurs, VDOT will need to go through the public involvement process (i.e., have another public hearing to explain what new properties need to be taken). This process will take several months, and compounds the other risks described in this category. There is also a major cost and schedule exposure in actually acquiring the additional property. Additional takes or relocations will likely require an Environmental Assessment to be done, which would create a substantial cost and schedule impact. | Mitigation techniques are addressed throughout this Risk Register, including: (a) making a policy decision that the current property acquisition plan will not be changed and to design around them; (b) designing the project to minimize the total number of new takes and relocations needed; and (c) acquiring those properties with relocations first during the ROW phase to avoid any additional tenant relocations. |

Explanation of Ratings:
- Degree of Importance:   3 = high              2 = medium                        1 = low
- Cost Impact:            3 = $10mm or more     2 = $1 mm to less than $10 mm     1 = less than $1 mm
- Schedule Impact:        3 = 6 months or more  2 = 1 month to less than 6 months 1 = less than 1 month

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

**Exhibit 3A:  Risk Impact Chart (Summary Level by Impact Score)**

| Risk # | Category | Probability | Cost Impact | Schedule Impact | Impact Score |
|---|---|---|---|---|---|
| 1.01 | Design (Roadway, Bridge, and Structures) | 3 | 3 | 3 | 18 |
| 1.02 | Design (Roadway, Bridge, and Structures) | 2 | 2 | 2 | 8 |
| 1.03 | Design (Roadway, Bridge, and Structures) | 3 | 2 | 1 | 9 |
| 1.04 | Design (Roadway, Bridge, and Structures) | 1 | 1 | 1 | 2 |
| 1.05 | Design (Roadway, Bridge, and Structures) | 1 | 3 | 3 | 6 |
| 1.06 | Design (Roadway, Bridge, and Structures) | 3 | 1 | 1 | 6 |
| 1.07 | Design (Roadway, Bridge, and Structures) | 3 | 1 | 1 | 6 |
| 2.01 | Drainage | 1 | 2 | 3 | 5 |
| 2.02 | Drainage | 3 | 2 | 2 | 12 |
| 3.01 | ROW and Utilities | 3 | 3 | 3 | 18 |
| 3.02 | ROW and Utilities | 3 | 2 | 3 | 15 |
| 3.03 | ROW and Utilities | 3 | 2 | 3 | 15 |
| 3.04 | ROW and Utilities | 2 | 1 | 2 | 6 |
| 3.05 | ROW and Utilities | 2 | 1 | 3 | 8 |
| 3.06 | ROW and Utilities | 2 | 1 | 3 | 8 |
| 3.07 | ROW and Utilities | 2 | 1 | 2 | 6 |
| 3.08 | ROW and Utilities | 3 | 2 | 2 | 12 |
| 4.01 | Environmental | 1 | 3 | 3 | 6 |
| 4.02 | Environmental | 3 | 2 | 2 | 12 |
| 4.03 | Environmental | 3 | 1 | 3 | 12 |
| 5.01 | Geotechnical | 3 | 2 | 1 | 9 |
| 5.02 | Geotechnical | 3 | 2 | 1 | 9 |
| 5.03 | Geotechnical | 3 | 2 | 2 | 12 |
| 6.01 | Construction | 3 | 3 | 2 | 15 |
| 6.02 | Construction | 2 | 2 | 2 | 8 |
| 6.03 | Construction | 1 | 1 | 2 | 3 |
| 6.04 | Construction | 3 | 1 | 1 | 6 |
| 6.05 | Construction | 3 | 1 | 1 | 6 |

The meeting admits in writing that the additional taking of property would require relocations

69 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

and run costs up, delay schedules and require an environmental assessment to be done which they admit would create a substantial cost and schedule impact. Federal question continued.... How much just compensation is due as restitution for mesne profits, to the estate of 120 Kidd Blvd. Norfolk, VA 23502 for the following violation to the Constitution? Whereas the Davis estates Private property was taken by The City of Norfolk, Brock Farms Realty,& used for VDOT financial application for regional cooperation to greater The Commonwealth of Virginia's and each of the defendant's benefit financially by their action. Whereas the estate of 120 Kidd Blvd. was unlawfully deprived of their reasonably backed financial expectations. The following factual allegations will prove the bad faith nature of the government actions and how such illegal actions deprived the private estate the Davis's of decades of constitutionally protected financial expectations to the estate including the equity. The Property, and shareholders of the estate had private property taken for public use without due process or just compensation. On or around January 7th 1997, then noted as transferring as January 31, 1997. The City of Norfolk, Brock Farms Realty conspired to take land in their design of maps & assessment values in the treasurer's office when drawings and actions against the land affected true value to the Davis's by the City Treasurer's office. Signatures taking place by Brock member Doris Brock. Ruth E. Davis, owner of the estate that was living in a coma , the City and Brock Farms , while Ruth Davis was in a coma took over half of her land to only 160 feet taking all of the estates' riparian rights as well, erroneously listing it to Brock Farms Realty unbeknownst to any of us at the estate of 120 Kidd Blvd Norfolk VA 23502.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

| 05212612 | BROCK FARMS REALTY INC | | 330 PEACE HAVEN DR | | | | | 5 |
|---|---|---|---|---|---|---|---|---|
| BROCK FARMS REALTY INC 453 PLEASANT POINT DR NORFOLK, VA 23502-9703 6 AC H/L BROCK PROP | | | Tax ID P161244 05212612 | | | Printed 09/26/2018 | | Card No. 1 o |

**Transfer of Ownership**

| Owner | | Consideration | Transfer Date | Deed Book/Page | Deed Type |
|---|---|---|---|---|---|
| | | 0 | 01/31/1997 | SUBD | 0 |

Neighborhood Number 252100
Neighborhood Name Pleasant Point
TAXING DISTRICT INFORMATION
Jurisdiction Name NORFOLK
Area 001
Section & Plat 1244
Routing Number 1457616930
Census Tract 4902

**Site Description**
Topography
Level
Public Utilities
Street or Road
Neighborhood
Static
Zoning:
SP-4
SP-4, SP-7
Legal Acres:
27.2822

**Valuation Record**

| Assessment Year | | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 | 2018 | |
|---|---|---|---|---|---|---|---|---|---|
| Reason for Change | | Reassess | Reassess | Reassess | Reassess | Reassess | Reassess | Reassess | |
| 0 | L | 291600 | 291600 | 291600 | 291600 | 291600 | 291600 | 291600 | |
| | I | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| | T | 291600 | 291600 | 291600 | 291600 | 291600 | 291600 | 291600 | |

**Land Size**

| Land Type | | Rating Soil ID - or - Actual Frontage | Acreage - or - Effective Frontage | Square Feet - or - Effective Depth | Influence Factor |
|---|---|---|---|---|---|
| Acresite | Acresite | 15 | 27.0822 | | 1 -55 4 -55 |

The intent by the city to turn paperwork into the VDOT prior to the application they filed. The government entities with HRTAC Hampton Roads Transportation Accountability Commission planning commission even in comparing the former project to the current contrived documents to make it appear to only deal with one owner. This not being a private resident or previous grantor invalidly met requirements based on false pretenses to bypass environmental impact studies. By bad nature of the government action The City of Norfolk, City of Virginia Beach , Vdot as well as private sector Brock Farms Realty and Commonwealth of Virginia phonied up the maps to show to USDOT and , National Environmental Protection Agency (NEPA) the oversight committee to the Categorical Exclusionary Document states the NEPA as an oversight committee to claim land they don't own. The false pretense to their application to make it appear like Brock Farms Realty owned the land and water rights in 1997. Because in 1977, The Davis family

73 Davis Et Al. Vs. Vdot. City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

improved land approved by The Army Corps of Engineers which showed in 1977 that the

Davis's owned the land to bring in 22 dump trucks of topsoil to improve land raising property.

Improved land in Virginia in 1977.  So when in 1977 The US Army Corps of Engineers

approved to cut it down like grass and fill more land with dump trucks it would mean the Brock

Farms Realty could not have squatted or claim the land as the Army Corps of Engineers

approved Davis's authorizations to make 120 Kidd Blvd. Norfolk VA improved land 1n 97'.

This unbeknownst to the family upon Ruth's Davis's passing that year in August of 1997. The

Victim of felony theft of property dies on the property victim of felony theft of property. Ruth E.

Davis is by definition a felony murder victim. Virginia § 18.2-33. Victim of a felony crime dies

of felony crime scene is victim of felony murder. The now unbeknownst to the family land gets

immediately transferred by false pretenses upon death to Paul R Davis Jr. & his two sisters. The

City of Norfolk, Brock Farms Realty and The Commonwealth of Virginia Dept of Transportation

conspired to illegally take the Davis property signature date Doris B Brock  of September 1996

and filed it with the City of Norfolk January  31, 1997.  The Commonwealth of Virginia filed,

got approved for the financial application in 2007 for the CE required to deal with previous

owners / grantors to the project as required by the Programmatic Agreement.  The government

action deprives the Davis's of the reasonably backed financial expectations. The application is

false as it lists Davis' estate of 120 Kidd Blvd being taken by Brock Farms Realty 330 Peace

Haven Drive as a City of Norfolk Public Utilities Easement. See entry of the blank micro phish

parcel created 330 Peace Haven.

Taking the land on Maps, the treasurer's office made it appear to the USDOT and FHWA that the

Davis private property was under another name being Brock Farms Realty. Whereas the CE

would not be satisfied to cause any damages to the original grantors that are private residences.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

The mailing address for Brock Farms Realty listed in the State Corporation Commision we discovered a City of Norfolk Pump station located at 453 Pleasant point Dr. Norfolk VA 23502. The  use of all the Brock Farms Realty land included the city and state to apply for fiscal as well as environmental approval and 1997 just before 1996 having the creek name changed to further mislead the integrity of the documents being filed and comparing maps to match in showing impacts against individual land owners. Land taken illegally by bad faith acting government action is now being used for Virginia Dept of Transportation financial application and National Environmental Protection Act NEPA using the taken land in 2007 for a late fall 2016/ spring 2017 project start date. The checks written in description to pay for the land of parcel 31 as well as parcel 34  solely owned by Brock Farms Realty.



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA





The action moving forward in 2015 Brock Farms Realty received erroneous checks from

Virginia Department of Transportation Checks Although the Davis's never gave up their right to

the land. George Homewood, of the Norfolk Planning Dept states in the Virginian Pilot. These

fiscal plans require a decade advance in attaining the amount required to do such a project.  So

the land gets taken 10 years in advance of later discovery of the property. The application type is

called Categorical Exclusion Document or CE / CED. The CE by definition is a project type that

will only be granted by means of no effect to the public or private. The CE , and each of the laws

of which must be followed too must follow the old project maps and design. In this case the

former project, taking place in 1966 when Davis granted a piece to the Virginia Dept of

76 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

highways. The agreement since they moved the mean low tide was to the fence we owned unto the fence being the mean low tide had been moved The National Environmental Protection Agency NEPA is , according to the Federal Highway Association FHWA responsible for oversight to such CE projects happening. In today's project Unfortunately this was discovered The Davis residence has endured multiple property takings by the bad nature of the government action. All past present and ongoing takings we are bringing the Federal Question to this Constitutional court in order to pray for relief to be compensated as well as surrounding through due process of a Federal Court Ruling of Criminal White Collar Fraud violating rights to those titleholders Paul R. Davis Jr. and Patricia Davis were Unbeknownst to the original grantors Paul R Davis Sr, Ruth E Davis et al

19. The Virginia Dept of Taxation later sent a tax bill for $22.00 for .016 the property, making it illegal taxation without representation.

20. The family returns Paul R. Davis Ruth E. Davis wasn't going to pay $ 20.00 originally given to them to take the money back , making it 100% taxation without representation.

21. The family unbeknownst to them were being defrauded as Dept. of Highways, deceives in the agreement they made for .016 of an acre. Later the family with a title search and looking at land records once finding they had been defrauded began to look deeper and found this out about the initial 1966 land taking upon researching to find out why today the Estate of 120 Kidd Blvd Norfolk VA 23502 is not being given the fully reasonably

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

backed financial expectations of the estate value. Not once , but twice and it is still ongoing today.

22. The original Virginia Department of Highways is an excerpt showing the dimension of the original granting of parcel for right of way. Hereby in this pleading there are two families original grantors wife to Paul Davis, Marrena Glanville descendant of an original grantor Charles L Glanville and Bessie Glanville. & Of course Paul Davis Sr. family contest the proceedings of which these projects should never destroy the economic value and are aware of the prior agreements to an entire estate for VDOT to original residential

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

grantors.

A 1 0 1 4 0 0 0 1



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



23. Δ 1 0 1 4 0 0 1 6

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



24. A 1 0 1 4 0   0 0 9

25. 1996 owner of 120 Kidd Blvd. Ruth Davis original Grantor is living.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

26. Regional Cooperation article by City of Norfolk City Manager James B. Oliver spelling out City state regional cooperation to advance fiscally.

27. We discovered on the internet and through searching the Sept 13 1996 entry with the United States Geological Survey a name of creek change. Our deeds maps, neighborhood plats, and even existing Virginia Dept of Highways project plans read the creek being Mill Creek.

28. The Sept 1996 entry changed unbeknownst to us to Noseh Creek. With no notices to the deed holders about changing the name of the creek, all while and during the map change to take our property simultaneously.



29. Sept 1996 City and state are reviewing the applications for federal funding for Categorical Exclusionary (C.E) to take place the next following decade in 2007 when it's actually being filed. This is when the Private works with the Public to take real property

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

from the estate including water rights and over ¾ an acre of taking on 120 Kidd Blvd Norfolk VA 23502.

30. The City Manager James B. Oliver at the time wrote an article called Regional cooperation for urban partnerships, This article quoted claims that private and public partnerships are used in gains such as Transportation using groundbreaking methods of ascertaining funds and accessing huge transportation opportunities such as the planning of their so-called plan 2007

31. On 7/9/07 Virginia Department of Transportation led by Governor Tim Kaine and Senator of Finance Jody Wagner filed as well as the Secretary of Finance filed false documents to US DOT

32. This plan 2007 included fiscal uses of the maps of an entire neighborhood where the water rights were being devalued as the surrounding map usage was being used in applications for funding as a low income neighborhood to receive approval for the Norfolk Light Rail The Tide.

33. The City of Norfolk first devalued maps for residential properties to devalue lots to apply and use devalued maps for the Light Rail and The VDOT I64/I264 project. The bad faith acting government entity gains fiscally while the plaintiff's reasonable backed financial expectations are being deprived. 5th and 14th constitutional rights.

34. City manager James B. Oliver creates a property called 330 Peace Haven Dr. Norfolk VA Jan 31 1997. the intention for use of this public/ private use land is to be put in as applications as easement this action by the government conspired to take the land and

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

riparian rights unbeknownst to the estate of 120 Kidd Blvd. without due process or just compensation.

35. James B. Oliver also as manager is in charge of drawing maps and defines his property being the first one noted to be deeded when the fraud piece is created cooperating with the Brock Farms Realty personally along while creating the illegally used 330 Peace Haven Drive. Norfolk VA.



36. The Brock Farms Realty LLC  Signs off the blank microfiche to take the adjacent neighborhoods including the Davis family land and water rights. Sometime between December 24 1996 it was falsified by Hoggard / Eure Associates Surveyors, it was signed by President of Brock Farms Realty Doris B. Brock then , the City filed erroneous title documents  Jan 31 1997 the false title documents were filed . The illegal filings deprived the estate value while the Commonwealth plots to use the land in their NEPA CE

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

applications depriving US DOT with the land owners, metes and bounds and entirely

devised unconstitutional bad faith action and land use regulations set by the government.



37.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



38.

39.  James B. Oliver City of Norfolk city manager gets first personal lot for his private residence after working with the realty 417 Peace Haven Dr. Norfolk VA 23502

40. Sept. 1996 Regional Cooperation published article by City Manager James B. Oliver expressed the public private cooperation to ascertain federal funding and increase the commonwealth's financial capability.

41. 1997 The city creates the 330 Peace Haven Dr. which will be used 10 years later in 2007 for Federal financial application. The land remained vacant and devalued the Brock Farms Realty cooperating to conspire to defraud those whom they were submitting land use maps to and in result adversely affecting private property owners at Kidd Blvd by taking property public private cooperation defrauding the deed holders and of their value.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

42. August 1997 Ruth E Davis of 120 Kidd Blvd passes away victim of felony crime, unbeknownst to her she just had private property taken for public use without due process and just compensation while she was living in a coma to her estate 120 Kidd Blvd Norfolk VA 23502.

43. The heirs at law for the property 120 Kidd Blvd Norfolk VA 23502 are Paul R Davis Jr. (son) Betty Browder, (daughter) and Eva Dozier (daughter). The title appears to transfer as an entire parcel the grieving family does the necessary probate and land actions.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

15236   BK 2833 PG 0344

THIS DEED OF GIFT, made this 5th day of September, 1996,
by and between Ruth B. DAVIS, widow, GRANTOR; and Ruth B.
DAVIS (Life Estate), and Paul R. DAVIS, JR., Ruth E. BROWDER,
and Eva D. DOZIER, (Remainder), GRANTEES, whose address is
3472 Bonnie Street, Norfolk, Virginia 23513.

WITNESSETH: That for and in consideration of the mutual
love and affection the party of the first part holds for the
parties of the second part, the said party of the first part
does hereby grant and convey with General Warranty and English
Covenants of Title, unto the said parties of the second part,
subject to an Estate for Life reserved to Ruth B. Davis, the
Grantor, in and to the following described property, to-wit:

ALL that certain lot, piece or parcel of land, with the
buildings and improvements thereon, situate, lying and being
in the City of Norfolk, Virginia, and known, numbered and
designated as Lot Three (3), in Block A of Section 1, as shown
on that certain plat entitled "Subdivision of Part of McGinnis
Tract, River Forrest Shores, Princess Anne County, Virginia"
made by Philip D. Freeman, C.E., dated June, 1953, which said
plat is duly recorded in the Clerk's Office of the Circuit
Court of the City of Virginia Beach, Virginia, in Map Book 32,
at page 6, reference to which is hereby made for a more
particular description thereon; and the riparian and other
rights in and to the property extending beyond Lot 3 unto the
center of Mill Creek, as described in the Deed of Benjamin T.
Badnum et ux., to the McGinnis Industrial Center,
Incorporated, dated May 20, 1949, and duly recorded in the
aforesaid Clerk's Office in Deed Book 263, at page 459.

IT BEING the same property conveyed to Paul R. Davis and Ruth
E. Davis, husband and wife, by deed of William R. Pafley, et
ux., dated June 24, 1957, and duly recorded in the aforesaid
Clerk's Office in Deed Book 501, at page 396. The said Paul
R. Davis, Sr. departed this life on June 23, 1986, and the
property descended by operation of law to Ruth E. Davis.

1

44.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

BK 2833 PG 0345

This conveyance is made expressly subject to the conditions, restrictions, conveyances and easements of record, if any, constituting constructive notice.

Pursuant to Section 58.1-811 of the Code of Virginia of 1950, as amended, this instrument is a Deed of Gift and this is to certify that no consideration has passed between the parties and as such this instrument is not subject to taxation.

WITNESS THE FOLLOWING signature and seal:

_Ruth E. Davis_ (SEAL)
Ruth E. Davis

STATE OF VIRGINIA
CITY OF VIRGINIA BEACH, to-wit:

I, the undersigned authority, a Notary Public in and for the City and State aforesaid, do hereby certify Ruth E. Davis, widow, whose name is signed to the foregoing Deed of Gift bearing date on the 5th day of September, 1996, have acknowledged the same before me in my City and State.

GIVEN under my hand this __ day of September, 1996.

_____ Notary Public

My Commission Expires: 4-30-99

2

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



45.

46. 1999 Paul R Davis and Patricia A Davis buyout to gain full ownership to the estate at 120 Kidd Blvd Norfolk VA. Unbeknownst to them that the commonwealth of Virginia was planning to use the land by having the City of Norfolk put it in the Brock Farms Realty name. Defrauding the Davis's of 120 Kidd Blvd. Norfolk VA 23502 and committing title fraud furthermore upon the transfer of property names.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

47. The Commonwealth of Virginia begins planning the 4 phase interstate project I-64/264

10 years prior to its application process. According to George Haywood of Norfolk

Planning Commission.


48.   The Financial Application for the ongoing project has got to check all of the

requirements to follow to the original project, like using and referring to all existing land

agreements with grantees. The I64/I264 phase 4 project was filed and approved in 2007

According to the Initial financial plan for the Virginia Dept of Transportation. The

Categorical Exclusion (CE) NEPA document was approved by the Federal Highway

Administration(FWHA) July 9, 2007. The 120 Kidd Blvd Norfolk Davis family are the

original grantees that should have been mitigated upon pointing out the discrepancies

with the VDOT project. VDOT when applying for the easement parcel referred to as Lot

34 .

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

49. The original project has residential land owners such as the Davis property 120 Kidd
Blvd. Norfolk VA 23502 whom when they reopened the project would have to come back
to the Davis estate, however with land map fraud it appeared they would have Brock
Farms Realty as the only land owner of all land and water rights.

50. Knowing the jeopardizing factors to disqualify their entry and deny their intent to apply
for a NEPA CE that displacing residents would mean they couldn't proceed in their
project according to the attached CE laws and regulations.

51. VDOT contrived the maps and paperwork to let it appear that a parcel being used for
their application as a Right of Way ROW Sheet, near or around 17 property owners that
they dealt with 2 of which are government entities, banks, schools , held trusts, and all
public use landowners misleading NEPA CE to not be dealing with private residences
through the parcel 34 did have previous grantors living being, Paul R. Davis at 120 Kidd
Blvd. Norfolk VA 23502.

52. The applicants VDOT , Commonwealth of Virginia & project located in The City of
Norfolk for both NEPA and Federal US DOT these applicants knew upon submitting
applications like in 2007, that affecting the residences including the real owners of the
original grantors to any piece of the I-64 project would jeopardize funding and
application approvals with the National Environmental Protection Act to receive funds to
bypass an Environmental Impact Study/ Statement. Now because the maps were used in
the Original Grantors to the interstate the government agencies knowingly to original
property layouts the entities planned in a planning commission violated our 5th and 14th
Constitutional Rights.

53. Jan 11 2019

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

54. YOUTUBE Norfolk Formal City Council RICK SPEAKS TIME:47:27
https://www.youtube.com/watch?v=7VpEMNwyUb0 the entire neighborhood is in
attendance all in opposition to the zoning change to transit oriented development, they
qualify for this by the devaluation of the existing water properties in River Forrest Shores
in neighborhood

55. Labor day of 2020 Joe Sherman Attorney at Law, Chip Turner investigator for The
Virginia State Police turned over the evidence of the suit to Brian Stephans Assistant
Attorney General for The Commonwealth of Virginia, and was formally served as a
liaison to make the government aware that they  were being sued against in Federal court
so the government entities had been made aware as required by law.

56. Paul Davis informed The General Assembly Bill Desteph Summer of 2019 and the
General Assembly has done nothing.

57. The General Assembly formed the HRTAC and was made aware of the fraudulent land
use to ascertain funds.

58. Defrauded maps, valuations in Treasury Departments. title searches. real owners ,
including mean low tide to the property's  riparian rights as installed new water flow as
drainage from the interstate added on ramp.

59. The Type of project application Categorical Exclusionary Document could not
significantly affect residential homes. The projects stipulations required that the
previously used maps would be used again in the project.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



A 1 0 1 4 0   0 1 6

60.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

Todays Project the easement that was originally granted has been moved and is not accurately referenced.

61. Original project shows original granted easement of breached contract, this shows too Mill Creek and that my family 120 Kidd Blvd owned beyond Mill Creek bounds today and the easement is on the other side of interstate. The manipulation to the easement as well as the taking of more land caused the constitutional taking to be used for the governments financial benefit while my properties reasonably backed financial

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

expectations are deprived while the government collected taxes for see original map



107 Davis Et Al. Vs. Vdot. City Of Norfolk. Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

62. With FOIA we received the project Initial Financial Plan that shows the Categorical

Exclusionary Document under NEPA for funding and to avoid an Environmental impact

study. Taking near about an acre well over ¾ of an acre including water rights at 120

Kidd Blvd Norfolk VA 23502 in green box taking property illegally depriving the estates

reasonably backed financial expectations. The map key for the ROW Right of Way

project means it is delegated as permanent drainage easement attached.

Rte 264 – Interchange Improvements – 64 WB Ramp to 264 EB – Initial Financial Plan
December 31, 2015

PROJECT IMPROVEMENTS



A Categorical Exclusion (CE) NEPA document was approved by Federal Highway Administration (FHWA) on July 9, 2007. The CE was combined to encompass the adjacent projects. An Interchange Modification Report was approved by FHWA on November 14, 2011. A combined Location and Design Public Hearing was held on July 14, 2011.

The project website has been established and is available at the following link: http://www.virginiadot.org/projects/hamptonroads/i-64-i-264_ramp_and_i-264_to_witchduck_road_project.asp

2. SCHEDULE

The I-64/I-264 project is a Design-Bid-Build project. Pre-Advertisement Conference (PAC) meeting was held on November 19, 2015. Identified right of way total take parcels were submitted early and an advanced Notice to Proceed (NTP) for the total take parcels was issued on April 30, 2015. Partial take right of way NTP for the remaining impacted properties was issued on September 3, 2015. Right of way acquisition is currently underway. The project is projected to require a Type III Right of Way

4

108 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



110 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

Pictures of the original fence showing the property line beyond the creek at original 1957 mean low tide, the water moved over time, but the property line was moved changed to the fence.

The fence today has been moved and is illegal the today fence is a spite fence installed by VDOT

The project is unfinished as the creek could be fallen into and is not safe from a pedestrian standpoint, the corridor study would have implied installing instead of an over aggressive spite fence to move the Davis property line, but the VDOT has failed to install a safety fence off if Curlew adjacent to Mill Creek to protect the Newly changed zoning to the neighborhood further affecting values, the Transit Oriented development has no sidewalks on Curlew Drive, Also has an exposed creek beside a sidewalk that could be fallen into The project is still being completed as water adjustments pipe installs and light and signs are being still added to the project and mitigation from water damage from sinkholes that occurred see

Rte 264 – Interchange Improvements – 64 WB Ramp to 264 EB – Initial Financial Plan
December 31, 2015

**PROJECT IMPROVEMENTS**



A Categorical Exclusion (CE) NEPA document was approved by Federal Highway
Administration (FHWA) on July 9, 2007. The CE was combined to encompass the
adjacent projects. An Interchange Modification Report was approved by FHWA on
November 14, 2011. A combined Location and Design Public Hearing was held on July
14, 2011.

The project website has been established and is available at the following link:
http://www.virginiadot.org/projects/hamptonroads/i-64-i-264_ramp_and_i-
264_to_witchduck_road_project.asp

2.    SCHEDULE

The I-64/I-264 project is a Design-Bid-Build project. Pre-Advertisement Conference
(PAC) meeting was held on November 19, 2015. Identified right of way total take parcels
were submitted early and an advanced Notice to Proceed (NTP) for the total take
parcels was issued on April 30, 2015. Partial take right of way NTP for the remaining
impacted properties was issued on September 3, 2015. Right of way acquisition is
currently underway. The project is projected to require a Type III Right of Way

4

63. Upon FOIA for VDOT we discover VDOT issues checks to Brock Farms Realty for

parcel 34 during the project. $1,500 May of 2016. The parcel does not add up to the

previous project and bounds proper ownership. VDOT pays Brock Farms granting them

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

permission to trespass against the estate of 120 Kidd Blvd Norfolk VA 23502 where

Brock Farms Realty did not own.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

64. Title Search



# Pembroke Title

520 W. 21st St. #G2-229

Norfolk, VA 23517

Phone (757) 627-4700 ~ Fax (757) 627-0229 ~ Cell (757) 409-7614

## Title Report

| | |
|---|---|
| **Dated:** | June 21, 2018 |
| **Our Case#** | 18-1344 |
| **Owners:** | Paul R. Davis, Jr. & Patricia Ann Davis |
| **Address:** | 120 Kidd Boulevard, Norfolk, VA |
| **Prepared for:** | Paul Richard Davis |
| **Effective Date:** | June 20, 2018, at 8:00 am |

Per your request, we researched the indices of the Clerk's Office of the Circuit Court for the City of Norfolk, Virginia, insofar as the correct legal description, and report our title examination follows:

**Legal Description:**

All that certain lot, piece or parcel of land, with the buildings and improvements thereon, situate, lying and being in the City of Norfolk, Virginia, and known, numbered and designated as Lot Three (3), in Block A of Section 1, as shown on that certain plat entitled, "Subdivision of Part of McGinnis Tract, River Forrest Shores, Princess Anne County, Virginia", made by Phillip D. Freeman, C.E., dated June, 1952, which said plat is duly recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, in Map Book 32, at page 6, reference to which is hereby made for a more particular description thereof; and the riparian and other rights in and to the property extending beyond Lot 3 into the center of Mill Creek, as described in the Deed of Benjamin T. Backus, et ux, to the McGinnis Industrial Center, Incorporated, dated May 20, 1949 and duly recorded in the aforesaid Clerk's Office in Deed Book 263, at page 459.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

Page 2

RE: 120 Kidd Boulevard, Norfolk, VA

It being the same property conveyed unto Paul R. Davis, Jr. and Patricia Ann Davis, husband and wife, as tenants by the entirety with rights of survivorship, by Deed of Gift dated September 12, 1997 from Paul R. Davis, Jr. and Patricia Ann Davis, Ruth E. Browder and Charles L. Browder, Jr., Eva D. Dozier and Gordon H. Dozier, recorded September 16, 1977, as Instrument # 970017479.

It further being the same property conveyed unto Ruth E. Davis (with life estate), Paul R. Davis, Jr., Ruth E. Browder and Eva D. Dozier, by Deed of Gift dated September 5, 1966 from Ruth E. Davis, widow, recorded September 12, 1966 as Instrument # 9600152346.

It further being the same property conveyed unto Paul R. Davis and Ruth E. Davis, husband and wife, by Deed dated June 24, 1957 from William R. Pefley and Dorothy L. Pefley, recorded in Deed Book 501 page 396. The said Paul R. Davis, Sr. department this life June 23, 1986, and the property descended by operation of law to Ruth E. Davis.

It further being the same property conveyed unto William R. Pefley by Deed dated June 26, 1956 from Hugo E. Sellger and A. Edna Sellger, recorded July 6, 1956 in Deed Book 459 page 490.

It further being part of the property conveyed unto Hugo E. Sellger and A. Edna Sellger by Deed dated December 17, 1954 from McGinnis Industrial Center, Incorporated, recorded April 20, 1955 in Deed Book 400, page 57; Deed of Correction, dated October 1, 1956, to correct legal description as to land between lots and water, recorded October 5, 1956 in Deed Book 471 page 477.

NOTE: The Norfolk Assessor and Treasurer's records erroneously reflect ownership of the land between Lot 3 and center of Mill Creek as Brock Farms Realty, Inc. The Virginia Beach Commissioner of Revenue no longer has historical "cards" reflecting notes of ownership. The subdivision plat, MB 32 p. 6, makes no mention as to land between lots and water.

REAL ESTATE ASSESSMENT / TAX INFO:

Assessment:
Land: $60,000.00
Improvements $96,100.00
Total $156,100.00

Annual Real Estate Taxes: $1,795.16 ($ 448.79p/q)

65.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

Page 3

RE: 120 Kidd Boulevard, Norfolk, VA.

Objections in title:

1. Any lien or right to a lien, for services, labor or material imposed by law and not shown by the public record.

2. Any supplemental or special assessments on new construction not presently disclosed by the public records which may become due and owing on the insured premises.

3. Rights or claims of parties in possession not shown by the public records.

4. Encroachments, overlaps boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the premises.

5. Taxes or special assessments which are not shown as existing liens by the public records.

6. Any deed of trust or other lien created by or resulting from the actions of the insured.

7. Covenants, conditions and restrictions, if any, appearing in the public records.

8. Any lease, grant, exception or reservation of minerals or mineral rights appearing in the public records.

9. Chain of title prior to December 17, 1954.

This report conveys no warranty or insurance of any kind whatsoever and does not obligate the issuer to issue title insurance.

PEMBROKE TITLE

By: _____

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

66. When looking for prior agreement it appears maps now show that they stole more land than they bought in 1966 which was unbeknownst to us the first taking of the .016 of an acre. As before mentioned in the federal question based off of the .016 false pretense where they took more land than they purchased.

The City Of Norfolk damaged the estate of 120 Kidd Blvd Norfolk VA 23502 by associating the land use for regulation to be used in an application to USDOT using erroneous filings. The City of Norfolk deprived the estate of 120 Kidd Blvd Norfolk VA 23502 for a taking in 1996 and also in the ongoing 264/ 64 project. The City of City of Norfolk Attorney's office has written and I quote" The Assistant City Attorney states that Mr. Davis owns the property behind his platted lot my family was seeking legal counsel from Mr. Gary Byler at the time and the City responded to him on our behalf the below stated letter email correspondence,  all the way to the middle of the creek.

 -------- Original message --------
From: "Pincus, Alex" <Alex.Pincus@norfolk.gov>
Date: 11/7/18 9:56 AM (GMT-05:00)
To: Gary Byler <gbyler@garybyler.com>, John Gaidies <john@joyneslaw.com>
Cc: "Dunlap, Wendy" <Wendy.Dunlap@norfolk.gov>, "Beaman, Chip" <chip.beaman@norfolk.gov>

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

Subject: RE: Paul Davis and 120 Kidd Blvd. - Adjoining Property Issues and Questions

Mr. Byler (Gary),

Thanks for your quick response.

I have just completed a thorough review and I would like an opportunity to sit down with you to share it and explain it to you.

Basically said, Mr. Davis is correct in that he does own the property behind his platted lot (all the way to the middle of the creek).

However, he is incorrect in his statement that the City has made a claim to or taken any of his property.

Please let me know when you might have some time soon for me to review this matter with you.

If it is convenient, we can meet in my office here at City Hall.

I look forward to hearing from you.

Thanks,

Alex H. Pincus
Assistant City Attorney
810 Union Street, Suite 900
Norfolk, VA 23510
E-Mail Address: alex.pincus@norfolk.gov
Phone: 757-664-4529  Direct: 757-664-4213
Fax: 757-664-4201

It has also been submitted to this court of the recording of Paul R Davis speaking to the City

Attorney's office at The City of Norfolk Formal City Council meeting 11/9/2018. In this meeting

Mr. Bernard Phishko states that it appears that the assessor has made a mistake on this. he further

119 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

claims a partition to land near mine. Mr Phishko attorney to the city is live on TV Norfolk

Formal City Council admitted to fraud in that he even claims liability when he states that the

assessors office has made a mistake on this to the complainant. Oct 9 2018 Norfolk City council

formal public meeting Youtube

addressed:https://www.youtube.com/watch?v=AsT2d-d1J70&t=405s RICK SPEAKS TIME :

6:29

Mr. Paul R. Davis. Following these admittance of guilt we received another letter of liability

following the meeting with City Auditor Tammy Dantzler following her meeting where Paul

Davis informed her that the estate would be filing a suit against the City, State for constitutional

violations, state law corruption, title fraud , taxation without representation etc. This letter from

the City Tax Assessor's office is attached below. Tammy Dantzler was made aware that they were

going to sue the government as required when filing suit against the City of Norfolk.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



### THE CITY OF NORFOLK
OFFICE OF THE REAL ESTATE ASSESSOR

810 Union Street, Room 402
Norfolk, Virginia 23510
(757) 664-4732

February 4, 2019

Paul R and Patricia A Davis
120 Kidd Boulevard
Norfolk, VA 23502

RE: 120 Kidd Boulevard

Dear Mr. and Mrs. Davis,

A question was raised by your son regarding the rear boundaries of your lot located on the east side of Kidd Boulevard adjacent to Newtown Creek. Our research has confirmed that, by certain deeds of correction recorded around 1956, many of these lots have property lines that extend beyond those depicted on the original subdivision plat entitled "Subdivision of Part of McGinnis Tract, River Forest Shores". The property lines for the affected lots actually extend to the western shoreline of Newtown Creek. These deeds of correction were evidently overlooked by city employees at the time. As a result, even though certain property owners on the east side of Kidd Boulevard owned the property, they were not assessed for the land within the extended area.

Our office authorized a re-delineation of the parcel boundaries for the affected properties. Your property at 120 Kidd Boulevard is affected; however, because the additional land area (approximately 17,593 square feet) adds little additional utility to the use of your property, any land value change due to the extension of the parcel boundaries should be less than $5,000. I have enclosed "before and after" maps of the affected parcels which should illustrate the changes.

The effective date of the parcel boundary extension is 7/1/2019.

This office is completing its work for the 2019 reassessment of real estate. Assessment notices will be mailed in mid-March 2019. Your 2019 assessment for 120 Kidd Boulevard has not been finalized, which is the reason I cannot be more specific at this point about the value of land. The overall value (land and buildings) of your property might experience a change in value due to market conditions external to the issue of parcel boundaries.

Please feel free to contact this office if you have questions or concerns in this matter.

Sincerely,

William A (Pete) Rodda, CAE, RES
Real Estate Assessor

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



Here we have clear evidence of proof that the land was taken, used in a federal application to receive environmental approval, and funding to even start the project.

123 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

Here is the letter of Paul R Davis Jr. In contest to the redelineation.

Dear City of Norfolk Real Treasury & Accessors Office

5/7/19

To whom in concern,

    This letter is a notice of appeal to The City of Norfolk Real Estate Assessors office. Your office authorized a re-delineation of the parcel boundaries in which are incorrect and in dispute by Paul R. Davis Jr. & Patricia A. Davis residing at 120 Kidd Blvd. Norfolk VA 23502. The changes the City of Norfolk maps labeled "before changes" is a reflection of the erroneous maps that were used to violate mine and my wife Patricia A. Davis's constitutional rights as property owners, it did take financial expectations we had as owners of property. The erroneous City of Norfolk Maps proposed by mail / William A (Pete) Rodda are still incorrect in the "After Changes" page false maps not matching our family's property's true deed by not extending to the correct property lines. This is an appeal to the Office of The Real Estate Assessor of the De-lineation of my property lines which regard my rights as property owner. We dispute the valuation of the property maps currently recorded and currently projected to be recorded.

Paul R. Davis Jr.

Signed copy was mailed in.

124 Davis Et Al. Vs. Vdot. City Of Norfolk. Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

Here is an image of the sound wall that was a natural tree barrier , Ruth E Davis planted these trees that provided an amazing natural sound barrier that was more quiet than the used " sound wall installed today"
We are being damaged by sound pollution by the additional lane being added, trees being taken and sound pollution



Natural view on the lot before theft of timber now & project of today we have sound pollution now

The property is having water being pushed onto the land see image of where the embankment is being flooded by the drainage install claiming and taking more land by flooding water on to the land is not equitable and since the water is being pushed we pray for more relief for water flooding .

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



Winter Natural view before Vdot project

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



Spring view trees removed natural fence

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



Interior damages from I64/I264 Pounding of the Interstate pylons shaking the interior foundation

129 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



Installed sports to push more water onto land

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



131 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



more water on land from pushing mean low tide on to land and installing pipes to flood land

132 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



Sink holes popping up in neighborhood and all surrounding areas while project going on

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



134 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



135 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



Damages

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



fjh

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



Wall above cabinetry cracking during the project I64/264 from walls in house shaking to drive in pylons

**Relief:**

The plaintiff prays for relief in the Honorable Eastern District Federal Court to the following damages and crimes by all defendants listed in pleading and defendants not listed in pleading. Since the first , second and ongoing takings of the land, no due process or just compensation was made while still being violated constitutionally. The following fiscal damages as well as the following punitive, property, constitutional, breach of contract, theft of land, theft of timber, pain and suffering including attempted murder 2/19/2019. The following members of the community have been felony murdered by the Commonwealths Felony crime .died on felony crime scene victim of felony crime

140 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

# AFTER VISIT SUMMARY
**Paul R. Davis**  MRN: 50405292



S E N T A R A

📅 2/20/2019  📍 Sentara Leigh Emergency Department 757-261-68

## Instructions
**Metoprolol daily as directed**
**Avoid caffeine, Sudafed, and other stimulants**
**Return for worsening pain, fever, palpitations, difficulty breathing, or any other concerns**



### Your medications have changed
**START taking:**
**metoprolol XL (TOPROL XL)**

**Your medications have changed today. Do not use this summary list for instructions on how to take them. Instead, refer to your full medication list below.**



### Read the attached information
Supraventricular Tachycardia  Adult  Easy-to-Read (English)

### Pick up these medications at Walgreens Drug Store 07588 - NORFOLK, VA - 1169 N MILITARY HWY AT SWC OF MILITARY & SABRE
metoprolol XL
**Address:**  1169 N MILITARY HWY, NORFOLK VA 23502-2434
**Phone:**  757-466-7036



### Schedule an appointment with John P Parker, MD as soon as possible for a visit
**Why:** call 363- 6210 today to schedule your follow up appointment
**Specialty:** Cardiology
**Contact:**  844 Kempsville Road
Suite 204
Norfolk VA 23502
757-261-0700

### Follow up with Sentara Leigh Emergency Department
**Why:** As needed, if symptoms worsen
**Specialty:** Emergency Medicine
**Contact:** 830 Kempsville Road
Norfolk Virginia 23502
757-261-6804

## Follow Up Appointments
**You currently have no upcoming appointments scheduled.**

## Today's Visit

### Diagnosis
SVT (supraventricular tachycardia) (HCC)

### 🧪 Lab Tests Completed
CBC WITH DIFFERENTIAL
CBC WITH DIFFERENTIAL AUTO
COMPREHENSIVE METABOLIC PANEL
TROPONIN
TSH

### 📷 Imaging Tests
CHEST PORTABLE
EKG 12 LEAD UNIT PERFORMED

### 💊 Medications Given
adenosine (ADENOCARD) last given a 10:17 AM
Ns

Send messages to your doctor, view your test results, renew your prescriptions, schedule appointments and more!

Go to www.sentara.com/mychart, click on the "Activate MyChart" button, and enter the following activation code:
WKFHS-4BG3H-VFKCS
Expires: 2/27/2019 11:14 AM
If your code is expired, select "Request Activation Code."

Paul R. Davis (MRN: 50405292).- Printed at 2/20/19 11:14 AM

Page 1 of 10

141 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

November 12 2019 Paul Davis turns in evidence to Federal Bureau of Investigations the evidence is sufficient enough to begin a white collar crime investigation

Felony Murder victims in counting

1. MRS. Ruth Elizabeth Davis 08/24/1997 120 Kidd Blvd Norfolk VA
2. MR. Paul R. Davis Sr. 06/23/1986 120 Kidd Blvd Norfolk VA
3. MR.Clarence M. Pittman 237 W McGinnis Circle Norfolk VA
4. MR. Paul R. Davis Jr. 5/13/2020 120 Kidd Blvd Norfolk VA Died HIRED AN ATTORNEY FIGHTING FOR HER RIGHTS AND DAMAGES. DIED DURING FELONY CRIME.
5. MR. Story 124 Kidd Blvd Norfolk VA
6. MRS. Story 124 Kidd Blvd Norfolk VA
7. MRS.Careta Parron 6/9/2019 140 Kidd blvd Norfolk VA
8. MR. Charles Parron 12/20/2016 140 Kidd blvd Norfolk VA
9. MR. Jack Knight 10/28/2020
10. MRS. Betty L. Martin 2/23/2021 104 Kidd Blvd Norfolk VA Died HIRED AN ATTORNEY FIGHTING FOR HER RIGHTS AND DAMAGES. DIED DURING FELONY CRIME.
11. MR.Louis Mitchell Martin 12/22/2020  104 Kidd Blvd Norfolk VA Died HIRED AN ATTORNEY FIGHTING FOR HER RIGHTS AND DAMAGES. DIED DURING FELONY CRIME.

12. MR. Charles Veir 9/20/2019 322 E McGinnis Circle Norfolk VA
    Died HIRED AN ATTORNEY FIGHTING FOR HER RIGHTS AND DAMAGES. DIED DURING FELONY CRIME.
13. MRS. Marjorie Boelte 9/8/2016 5955 McGinnis Circle Norfolk VA

## Felony Murder
VDOT attempted murder February 19, 2019 Paul R. Davis was hospitalized for stress. From VDOT making threats to show his wife bullets, killed Paul at the hospital and required his heart be restarted, legally dead for 3 seconds, heart stopped due to stress that day. Attempted felony murder $90 million dollars trebled because it was a planned commission to defraud maps of lower value of land to qualify for federal funds as a low income neighborhood.

We are asking for a motion for summary judgment in that the facts filed in this case are indisputable and as the letters of liability and title search lawfully we are requesting this court to move to a motion for summary judgment settlement award.

Virginia Department of Transportation (VDOT )

142 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

Taking more land in project, as confessed by VDOT during their 2014 Risk & Reward Survey attendance meeting here they confess that 3.01 section highest risk value and that they required Taking 1966 taking 100% of $20.00 .016 of an acre The Dept of Highways took land beyond the .016 of an acre. That exists today on the other side of the interstate today the original easement is on that side of Mill Creek. The original granting agreement contract 1966 is therefore breached .

Taking 1997 The Davis's were unable to use / access or hold true property value to their estate. The taking of about an acre including riparian rights.

The Davis's attempted to get Land Surveyor done however all companies attempted to ascertain services the following refused to perform the land survey Ward Holmes took my address to come to do survey and never showed up and now allegedly is selling assets, closing business and his business is up for sale please freeze address suing for damages.

Frey Surveyors never completed a survey to the land , quoted $6,000 and did not complete the survey to the land.

After reaching out to multiple companies no firm has completed a survey to the address at 120 Kidd Blvd Norfolk VA 23502 as it has title searches to show fraud here on the existing land.

The violation of The Constitution 1st ,4th, 5th, 14th is ongoing today as The City of Norfolk for VDOT still claims to keep my riparian rights from my rightful possession and are in contest to their usage of my land. They didn't use eminent domain moving of the Right of way originally granted easement does not reveal actual land use. They have phonied up maps to exceed and defraud my value, deed and USDOT The Parcel is still on my land of 120 Kidd BlvdNorfolk VA 23502 where the property was used to obtain federal funds and approvals.

We pray for relief for False arrest of Paul Davis from the Commonwealth Dept of Transportation in particular, filing making illegal phone calls case dismissed due to Fruit of The Poisonous Tree Circuit Court Honorable Judge Kevin Duffin 3/35/21 dismissed VDOT charge because Mr. Paul Davis's constitutional rights were being violated as they were in all evidence ruled inadmissible payment amount $50 million dollars for wrongful arrest. While Paul Davis was trying to get settlement and criminal justice for the crime against his family estate .

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

**VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH**

Case No.: CR 20-1619
Defendant: PAUL DAVIS
Charge: THREATEN ILLEGAL/IMMORAL ACT OVER TELEPHONE
Offense Date: 08/10/2020
Code Section: 18.2-427

ORDER – MISDEMEANOR/TRAFFIC INFRACTION

TRIAL DATE: MARCH 25, 2021

Pre-trial disposition: Upon motion of the attorney for the Commonwealth, the charge is: ☐ DISMISSED   ☐ NOLLE PROSEQUI.

Parties present: Attorney for the Commonwealth. The defendant: ☐ personally present pro se or ☒ appeared in person and waived counsel or ☐ appeared, in person, with counsel _____ or ☐ was not personally present but appeared by counsel _____.

Plea:
☐ Guilty as charged.   ☐ Nolo Contendere.   ☒ Not Guilty. ☐ Jury Waived on the record.
☐ Plea of guilty or nolo contendere on misdemeanor charge punishable by confinement in jail made voluntarily after the Court informed the defendant that such plea is a waiver of the right to confront one's accusers and the right against compulsory self-incrimination.

☐ Guilty to following amended charge: _____, Code § _____.

Finding:
☐ Guilty as charged.   ☐ Not Guilty (Acquitted).   ☒ Dismissed.

☐ Guilty to amended charge of _____, Code § _____.

☐ Guilty of lesser offense of _____, Code § _____.

☐ Deferred and continued to _____ pursuant to ☐ 18.2-251 ☐ 18.2-57.3 ☐ 4.1-305 ☐ 19.2-303.2.

☐ Continued to: _____

Disposition:
☐ Sentence pursuant to recommendation.
☐ Fine of $ _____ with $ _____ suspended.
☐ Driver's license suspended for _____ with _____ suspended. ☐ Restricted license granted.
☐ Jail sentence of _____ imposed with _____ suspended. ☐ _____ days mandatory minimum.
    ☐ Jail sentence reporting, if applicable: Report on _____ at _____ to serve on:
        ☐ consecutive weekends pursuant to § 53.1-131.1 OR ☐ delayed straight time. Credit for time spent in confinement pursuant to § 53.1-187.
Condition(s) of any suspension, continuance or deferred finding:
☐ Good behavior for _____
☐ Community service of _____ hours to be completed by _____. ☐ Through CCP.
☐ No contact with victim ☐ victim's family or ☐ victim's household members.
☐ Restitution in accordance with the Restitution Order or ☐ Restitution directly to victim in the amount of $ _____
☐ Complete Driving School. ☐ Return with proof of completion. ☐ Send proof. No need to return.
☐ Other: _____

Costs. The clerk shall tax costs as provided by statute.

DATE ENTERED: 3-26-21                    JUDGE: _____
Defendant Identifiers: SSN or DL No.: 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         DOB: 08/29/1963
Address: 120 KIDD BLVD NORFOLK, VA 23502

144 Davis Et Al. Vs. Vdot. City Of Norfolk. Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

The Commonwealth of Virginia does not follow judges orders in deed of correction when making this land and property constitutional violation

Virginia collects tax dollars for every 18 wheeler commercial truck that passes the land that was taken since 1966 when they stole more than .016 of an acre in building the interest compounding interest from state coffers.

Taking 2016 -  current I64/I264 Project.

The Commonwealth of Virginia is pushing water onto the land and moving the mean low tide mark today as the land is being forced water unto, damaging the surface and over 30 year old landscaping.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



Before , small needle NC pine tree healthy tree without damage from VDOT flooding on to land and shaking of land ,

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA



147 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

After Flooding on to land and shaking on land to dig pylons short needle pine cone is dead killed from Environmental damage and property damage by VDOT project

JAN 3RD 2020 VDOT ATTEMPTING TO BUILD FENCE ACROSS PROPERTY DRIVE FENCE POSTS DOWN IN DIRT TO ATTEMPT TO KEEP ME FROM MY LAND. alert Joe there is now a fence being put out back they are parked with multiple tractors building fence blocking access to our property. Mrs. Patricia Davis wants cease and desist of this Project they are blocking access to the property from the back of the property they are damaging the land and property.

JAN 5 2020 PHONE CALL FROM CHIP TURNER CRIMINAL INTELLIGENCE FOR THE VIRGINIA STATE POLICE THEY ARE AT MY HOUSE ASKING ME FOR SOME TIME , I REPORT I'LL BE RIGHT THERE, THIS EVENING OFFICER LONG AND CHIP TURNER COME TO ME TO HEAR WHAT WAS GOING ON, WITH INTEREST CHIP SAYS HE'S INTERESTED IN COMING BACK IN MORNING TO SEE LAND AND CRIME SCENE IN DAY TIME. THIS NIGHT CHIP TURNER DOES STATE THAT THE FACT THAT THE CONSTRUCTION WORKERS WERE IN BLACK MASKS AND MAKING THREATS ON TOP OF ILLEGALLY TAKING SOMEONE'S LAND TO USE IT WAS A SEVERE PROBLEM ACKNOWLEDGES LAND BEING TAKEN AND SEES FRAUD.

Feb 20-March 5 2020 ongoing construction continues after they let the concrete wall settle, they now are refilling and encroaching my property daily with tractor equipment and workers moving and installing dirt.

148 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

11/4/2021 making more reports to The FBI demanding they conclude an actual investigation of the largest socio economic injustice case in US history, where old people and people of all ethnicities are being robbed of their private property. Things I am updating the FBI with today are as follows , The 2015 administration issued illegal checks to the real estate company which Terry Mcauliffe, Aubrey Lane, Manju Ganeriwala

My family would like as a part of my fathers dying utterance which I will add via electronic evidence submission  to this court my family we ask all those that have broken the law in my backyard involved to be arrested, head of VDOT that issued Vdot workers to wear Black Ski Masks on my property 2/19/19 while threatening to show my wife bullets prior to the pandemic in near 50 degree fahrenheit weather see weather report day of threats we had door open and screen door that day of trespassing of VDOT making threats to my family to get off my own land, due to false maps . Police report was made We made a police report that day Weather report https://www.accuweather.com/en/us/virginia-beach/23451/february-weather/351321?year=2019

We find that the civil matter cannot be pursued while the criminal side to this corruption gets left to the wayward. Life as an American where we have protections under our constitutional freedoms are being denied the very rights we have a final plea to be protected by our legal system which is failing us. This is where we ask The Honor of the court to help us indictments and issue warrants against those that are involved directly in the corruption. In the midst of the previous election where we have a candidate for Governor . Terry Mcauliffe that issued check to steal our land, under 23 usc 107 or until This Just Compensation is awarded to the damaged plaintiff

1. James B. Oliver city manager of norfolk 1997

149 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

2. David Ekern Vdot Commissioner 2007
3. Tim Kaine 2007 Governor
4. Jody Wagner 2007 Secretary of Finance
5. Pierce Homer Secretary of Transportation 2007
6. George Homewood City planning
7. Terry Mcauliffe Governor 2015
8. Dean Minnix Vdot land surveyor 2015
9. Ralph Northam Governor 18
10. Justin Fairfax lieutenant Governor
11. Mark Herring Attorney General
12. Bernard Phisko city attorney
13. Alex H pincus Asst City attorney
14. Pete Rodda Norfolk assessor
15. Kenny Alexander Norfolk Mayor
16. Ronald T Brock Brock Farms Realty president
17. Edwin Brock Jr Brock Farms Realty VP & more to be addended to this pleading.

We pray for relief, threats to life telling Marrena & Paul and witness and neighbor that VDOT was going to show us bullets, for us to get off of our own land threats to life $30 million dollars and property damage.

VDOT in the Risk and Reward Study admitted that if they were to need to show or acquire more land, that was the highest risk needed to acquire more land; however , it would cost them their environmental application approval.
Since the Commonwealth sought to fund the project based on fraud as well as a 4 phase project using my land illegally to fund a 2.2 Billion dollar project, we ask for Punitive declaratory judgment and settlement award of the 6.6 Billion to treble the award they sought illegally using my property. For the Whistle Blower as Paul R Davis Jr who died victim of felony crime was a civil service employee to The United States Government.

1st 4th amendment wrongful arrest to Paul R Davis when trying to report crime taking his first amendment which was all he had left.

We pray for relief, to deter for the 1st, 4th ,5th and 14th Constitutional rights violation to ever being violated ever that from happening again for the safety and protection of the US Constitution for all Virginians and US citizens. We pray for the amount of 12 billion dollars 4 billion for the amount of each constitutional rights to deter and make it not cost effective to defraud in the future while violating constitutional rights by spending 40 million dollars to cover it up see below 40 million dollars worth of cover up to VDOT damages.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

20 million dollars to Barry Robinson
16 million dollars to First Norfolk Baptist Church
5 million dollars to Cova Baptist Church FKA as Glad Tidings Church
These settlement amounts were to cover up damages and settle with the public entities . Because
the private residence of 120 Kidd Blvd, an existing grantor to the interstate, is currently being
damaged we pray for relief to the damages that our rights to these United States of America to
uphold the Constitutional rights to the property owners of these United States.

City of Norfolk

Brock Farms Realty  Adverse Possession of 330 Peace Haven Dr Norfolk VA 23502 To Paul R.
Davis

The City of Norfolk's erroneous treasury records led to our entire family entire estate value
Be affected  and value  taken.

The City of Norfolk uses the land that was taken to apply for the VDOT application to receive
funds.

The City of Norfolk magistrate corroborated with The Virginia State Police to harass The Federal
Witness in charging Paul Davis with Threatening phone calls which got dismissed 3/25/21 due to
Fruit of the Poisonous Tree  / This was time consuming and led to loss of wages . The gross
negligence by The VDOT Personnel shows they continue to cover up their crime.

We pray for relief for the damage to the plaintiff in that when he tried to turn over the White
Collar Crime evidence to the Virginia State Police . Virginia Candidate for Governor of 2021
Paul Davis got arrested for political hyperbole we ask for damage amount of wrongful plea entry
which Wife Marrena caught that  The City of Norfolk entered in a plea of reason by insanity
whereas that false entry as Paul plead not guilty, would have authorized them to keep him for
365 days we are asking for damage amount of we pray for relief for entire expungement since its
been Fruit of The Poisonous Tree where the Plaintiff
Davis's constitutional amendments were being violated and no evidence could be admissible and
since the duration of the crime being perpetrated against The Paul Davis estate we in this

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

pleading pray for a full gubernatorial pardon and expungement upon this settlement offer.

Return to Search Results

**Norfolk Circuit Court**
Case #: **CR21001760-00**
Defendant: **DAVIS, PAUL RICHARD**

### Defendant Information

Address: **NORFOLK, VA 23502**
Gender: **MALE**
Race: **WHITE**
DOB: **08/29/****
Attorney:

### Case/Charge Information

Defendant Status: **CUSTODY**
Filed Date: **10/29/2021** *date of false entry*
Locality: **COMMONWEALTH OF VA**
Code Section: **19.2-182.5**
Charge: **NGIN Review**
Case Type: **OTHER (ANIMAL VIOLATIONS, BOND APPEALS)**
Class:
Commenced By: **NOT GUILTY BY REASON OF INSANITY**
Offense Date: **10/12/2021**
Arrest Date:
Amended Code Section:
Amended Charge:
Amended Case Type:
Amended Class:

*Marreha (wife) witnessed this courtdate and Judges order, & reported to Judge in his chambers Falsified entry, as Paul Davis Plead Not Guilty to the Honorable Judge RosenBlum ruled Paul Davis to represent himself Pro Se. NEVER EVER PLEAD AS THIS WRONGFUL ENTRY Against Judges orders*

### Appeal Information
Appeal Date:

### Hearing Information

| Date | Time | Result | Type | Courtroom | Plea | Duration | Jury |
|------|------|--------|------|-----------|------|----------|------|
| 12/14/2021 | 09:30 AM | | STATUS HEARING | | | | |

### Disposition Information

Disposition:
Disposition Date:
Concluded By:
Jail/Penitentiary:
Concurrent/Consecutive:
Life/Death:
Sentence Time:
Sentence Suspended:
Program Type:
Probation Type:
Probation Time:

*Mrs. Lyles updated 8:54 Am *24 hours will reflect the updates.*

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

The City of Norfolk filed false documents with VDOT and Brock Farms Realty to claim our property, robbing us of our true market value.

The City of Norfolk admits from City attorney and City Tax assessor's office to their wrongful action taken.

The City of Norfolk in their response letter in the before and after they still continue to take the water rights on our land.

We pray for relief from The City of Norfolk punitive and exemplary damages were awarded to Paul R. Davis estate of the 50 billion dollar judgment for violating the 5th & 14th for 27 years for the second taking and above said itemized damages.

Brock Farms Realty

The plaintiff seeks to ask the Honorable Federal court to have the Real Estate Certification of the Incorporation Brock Farms Realty be revoked indefinitely. We seek to directly adverse possess 330 Peace Haven Norfolk VA 23502 being that The City Of Norfolk . Brock Farms Realty with VDOT contrived to cloud the title, metes and bounds to my real property as well. We see the bad faith action to continue allowing our property lines to be with one another as the Brock Farms Realty parcel has been depriving my land of its equity since 1997.  and we are the damaged party that because of the paper fraud have been on the land 330 Peace Haven Dr. Norfolk VA 23502. The Brocks or The City of Norfolk cannot benefit from a crime.  We seek Under The Color of Law to seek to possess all ownership at 330 Peace Haven Dr. Norfolk VA 23502 as it was open and notorious in all of the public records by our deed . The Adverse possession hereby as we were and are still in actual possession of the land . The City of Norfolk and the after changes has 330 Peace Haven exceeding my riparian rights thus allowing my actual physical possession to the land of actual property at 330 Peace Haven Dr. Norfolk VA 23502. It is open and obvious as we have maintained and used the property in the open as The delineation still is defrauding my land, USDOT and any of the viewers to the public documentation. The water rights on my land are obviously openly being occupied to anyone that looks. We are the sole legal squatters that are claiming exclusive adverse possession and are exclusive possession to the land. We The Davis 120 Kidd Blvd. Norfolk VA 23502 have continuously been possessing the land now since 1996 signature date, filing date Jan 31 1997 ongoing to today's filing date exceeding the 15 year time requirement to uninterruptedly squat to keep land. With the damages against my estate and the planned use . the met requirements to adverse possess the said property of 330 Peace Haven Dr. Norfolk VA 23502 as well as for the following monetary amounts also for the basis of this claim punitive actual 1997 Jan 31 1997 filing date means that for 27 years broken down to the following amount of valuation and actual loss We Pray for relief for all real property and 50 million dollars for violating and illegal use of my land from Brock Farms Realty Incorporation.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

VDOT, City Of Norfolk and Brock Farms Realty corroboration led to the false arrests, illegal felony attempted murder and land devalue theft and loan turndowns and violations extremely gross against the United States Constitution.

We pray for relief from The Commonwealth of Virginia due to the fact during the time of difficulty to give to her son Mark Wesley Davis Patricia and Paul Davis sold their Carova NC Beach property when their collateral value was not equitable. In return the Davis family would pray for relief as the entire False Cape State Park. The family always dreamed of their beach property being in Virginia, We ask the State Park be given to the plaintiffs in the case.

We pray for relief the following total amounts from these entities listed above :

Commonwealth of Virginia 48.98 billion dollars / each Constitutional rights violations 1st, 4th, 5th, 14th =

50 billion dollars

VDOT First taking,  constitutional second taking ,$200,000,000 = constitutional attempt to life , $50,000,000 felony murder attempted felony murder , property damage $30,000,000 =$170,000,000 trebled, punitive
$1.02 billion dollars
 48.98 billion dollars / each Constitutional rights violations 1st, 4th, 5th, 14th =

50 billion dollars


City of Norfolk First taking, constitutional second taking ,$90,000,000 = constitutional attempt to life , $50,000,000 felony murder attempted felony murder , property damage $30,000,000 =$170,000,000 trebled, punitive
$1.02 billion dollars
 48.98 billion dollars / each Constitutional rights violations 1st, 4th, 5th, 14th =

50 billion dollars


Brock Farms Realty First taking unconstitutional second taking ,$90,000,000 = constitutional attempt to life , $50,000,000 felony murder attempted felony murder , property damage $30,000,000

154 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.

UNITED STATES DISTRICT COURT : EASTERN DISTRICT OF VIRGINIA

=$170,000,000 trebled, punitive
$1.02 billion dollars
48.98 billion dollars / each Constitutional rights violations 1st, 4th, 5th, 14th =

50 billion dollars

The Hampton Roads Transportation Accountability Commission HRTAC taking constitutional

second taking ,$90,000,000 = constitutional attempt to life , $50,000,000 felony murder

attempted felony murder , property damage $30,000,000

=$170,000,000 trebled, punitive
$1.02 billion dollars
48.98 billion dollars / each Constitutional rights violations 1st, 4th, 5th, 14th =

50 billion dollars

The settlement amount of 200 billion dollars total is less than 3 years of Virginia's annual budget
.We pray for relief for the 58 years of abuse, assaults and attacks against my family. The loss of
financial expectations of land and investments for 58 years caused mesne profits that we were
not be able to access because we could not access equity in the land were not allowed to be made
whole financially. The acts were planned in a planning commission to commit the crimes with a
forethought and intent to defraud my family and violate the US constitution, defrauding the
whole neighborhood to  qualify as a low income that qualified for federal funds.

.\\Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify
to the best of my knowledge, information, and belief that this complaint: (1) is not being
presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly
increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary
support or, if specifically so identified, will likely have evidentiary support after a reasonable
opportunity for further investigation or discovery; and (4) the complaint otherwise complies with
the requirements of Rule 11.

_____ Name _6/21/2024_ date

155 Davis Et Al. Vs. Vdot, City Of Norfolk, Brock Farms Realty Inc.